SALUS, Appellant, vs. GREAT NORTHERN RAILWAY COMPANY, Respondent.

*May 22—June 17, 1914.*

*Railroads: Injury to employee: Negligence of fellow-servant: Unsafe working place: Direction of verdict.*

1. Since the enactment of the Workmen's Compensation Act the defense that an injury to a shop employee was caused by negligence of a fellow-servant is not available to a railway company under sec. 1816, Stats.
2. Neither the common-law rule nor the statutory rule as to the duty of the employer to furnish a safe working place is applicable where the employees, in performing a simple and familiar operation, make their own working place, which is constantly changing.
3. In an action for injuries to a shop employee whose hand was pinched as, with a fellow-servant, he was replacing a truck under the end of an ore car, it is *held* that the evidence does not warrant the disturbing of a verdict directed for defendant on the ground that the injury was a pure accident and that no actionable negligence was shown.
4. In executing the simple ordinary movements required by performance of his duties, one servant may rightfully depend upon his fellow-servants to pay some heed to their own situation.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

Action to recover for personal injury which happened to plaintiff March 29, 1913.

On the occasion in question plaintiff and an associate, employees of defendant in the course of their duties as such, were engaged in repairing an ore car.  They were required to raise one end of the car with jack-screws free from the truck at such end, roll the truck back- and rest the end of the car on a horse, and, after making the necessary repairs, replace the truck.  They proceeded to the point of practically returning the truck to its proper location under the car, plaintiff pushing on one side and his associate on the other. It was then brought to a stand, and plaintiff, with his hand resting thereon, looked under the car to observe the exact situation.  At that instant his associate, without warning, pushed the truck further under causing plaintiff's hand to be pinched between the car step and the truck, whereby the hand was injured.  The claim of plaintiff was that defendant by its co-employee was actionably negligent in moving the truck without giving warning.  Defendant took issue with the allegation as to actionable fault, pleaded that plaintiff and his co-laborer were shop employees; that he was only slightly injured; and that the accident happened through his own negligence.

The evidence was to the effect that plaintiff was somewhat injured in substantially the manner set forth in the complaint.

On the trial the court ruled that the whole ground of liability claimed in the complaint was negligence of a fellow-servant.  Thereupon counsel for plaintiff asked leave to amend the complaint by alleging actionable liability because of failure to furnish a reasonably safe place for plaintiff to do his work in.  Counsel explained that he desired a pleaded basis for a claim that the car was not in a safe position for the work plaintiff was engaged in because it was not raised high enough.  The application was denied.  The court, on motion, directed a verdict in favor of defendant upon the ground that no actionable negligence of plaintiff's co-em-

ployee was shown and upon the further ground that if such employee was negligent proximately causing the injury, he being a shop employee, defendant was not liable.

Judgment was rendered accordingly.

For the appellant there was a brief by *W. P. Crawford*, attorney, and *H. G. Pickering*, of counsel, and oral argument by *Mr. Pickering*.

For the respondent the cause was submitted on the brief of *J. A. Murphy*.

MARSHALL, J.   So far as the decision below rests upon the theory that the defense of negligence of a fellow-servant was available under sec. 1816, Stats., it is wrong.   The statute was superseded by the Workmen's Compensation Act, as held in *Minneapolis, St. P. & S. S. M. R. Co. v. Industrial Comm.* 153 Wis. 552, 141 N. W. 1119.

So if appellant was injured by negligence of his associate respondent is liable unless contributory negligence, strictly speaking, on his part,—inadvertence as distinguished from assumption of risk,—proximately contributed to produce the injury.   *Besnys v. Herman Zohrlaut L. Co., ante,* p. 203, 147 N. W. 37.

A point is made on the refusal of the trial court to permit an amendment to the complaint so as to specifically charge violation of duty respecting a safe place to work.   It is considered that such rule, either under the statutory or common-law duty, has no application here because appellant and his associates necessarily had to and did make their own place to work.   The operation the men were engaged in was simple and perfectly familiar to them.   The law, severe as it is in respect to the duty of an employer respecting the working place of his employees, still permits him to leave them to make their own working place, as to simple ordinary details, where they are to be provided from time to time and changed at short intervals.   It would be utterly impracticable and

unreasonable to require the employer to be responsible for such a situation at every moment of time and regardless of any actual information as to imperfection, even such as to put him on inquiry in respect to the matter. If the working place in question was unsafe, the employer did not know it, nor had any reasonable ground to know it, and the fault was attributable to appellant himself,—not in the field of assumption of risk but in the distinct field of negligence.

The only other question which seems to be of sufficient importance to call for special notice is as to whether there was evidence tending to show that negligence of appellant's associates was the proximate cause of his injury. True, a question is raised as to the course of examination which the court permitted respondent's counsel to pursue with reference to one of appellant's witnesses. It is mentioned so counsel may not think that it did not challenge our attention. The exact nature of the objections need not be set forth, since in any view we could take of the matter, the examination was either proper or nonprejudicial.

The trial court was of the opinion that there was no negligence of a fellow-servant shown,—that looking at the evidence in the most favorable view for appellant which can be reasonably taken of it, the injury was a pure accident. We are unable to see the contrary with sufficient clearness to warrant condemning the trial court's judgment. The evidence is quite clear that when the truck was moved out from under the car it was found that there was ample clearance therefor. When it was pushed back both of the men had a hand at the matter, appellant pushing on one side and his associate on the other, both bent somewhat forward so as to enable them to sight under the car. It may be that the truck came to a stand and was momentarily started again and unexpectedly to appellant; but there is no satisfactory, if any, evidence, that appellant ordered the truck stopped and that it was again started without orders or warning. He seems to have

taken hold to help push the truck back after observing that his associate needed help; that he put his hand on the truck at the time and did not change its position until he was injured. It was no part of his associate's business to observe the exact location of his hand. Such associate was bent forward, intent upon his work, and evidently did not notice the position of appellant's hand. He was in the act of moving the truck back to its proper place, as he supposed, and, probably, ready to desist as soon as ordered, or satisfied from his own observation that the proper place had been reached. It does not seem that he had any reason to suppose that his simple act of pushing the truck back as both desired in any way imperiled the personal safety of appellant.

A fellow-servant must be free to execute simple ordinary movements in the performance of his duties and depend upon his associates, in the exercise of like liberty of action, to pay some heed to their own situation. Otherwise all the little accidents which occur from time to time in working operations would be attributable to negligence. There can be no negligence without fault. There can be no fault so long as a person is within the field of what he may rightfully do. Liability of the employer for accidents to employees which are not attributable to negligence of any one, is provided for under the Workmen's Compensation Act; but it does not appear that when the occurrence in question took place respondent had complied with such act. Therefore, appellant is without remedy, since there was no actionable negligence on the part of any one, as the trial court held under such circumstances that we cannot well decide that he was clearly wrong.

*By the Court.*—The judgment is affirmed.