FRANK NADEAU v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

December 19, 1930.

No. 28,090.

*Sweet, Johnson & Sands, John E. Palmer,* and *James L. Hetland,* for appellant.

*Murphy, Johanson & Nelson* and *Roger L. Dell,* for respondent.

LORING, J.

Plaintiff recovered a verdict in a suit under the federal employers liability act, and this is an appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

[1]Reported in 233 N. W. 808.

Plaintiff was a section hand in defendant's employ in November, 1927. On the 19th of that month he and Voss, his foreman, were engaged in piling tamarack ties near the stockyards at Tenney, a station on defendant's line in this state. At this point the defendant's track runs east and west, and the ties were being piled on the north side at a convenient distance from the track. They threw the ties out of a box-car in lots of 30 or 40 and then pulled them, walking backward, to or near the piles in which they were racking them up. They pulled them over the rough snow and ice by means of their shovels, which they struck or jabbed into the ties. By this means they had completed three or four piles and were working on another. Plaintiff asserts that prior to his injury they adhered to a system by which Voss always preceded him to the loose pile of ties and dragged his tie down a path three or four feet wide to the southwesterly corner of the pile, while plaintiff followed him down with a tie which he placed across the southeasterly corner. They would then join in lifting Voss' tie onto the pile and after that was accomplished would lift plaintiff's tie into position. On the occasion of his injury the plaintiff says that Voss went up to the loose pile and struck his shovel into a small tie and that plaintiff struck his into a large one and followed Voss down toward the pile they were then working on; that instead of taking the tie to his corner Voss left it without warning not so far along as usual and where plaintiff stumbled over it as he was walking backwards pulling his tie. Plaintiff fell against the pile of ties they were erecting and received severe injuries. He says that as he fell he recognized the tie upon which he stumbled as the tie Voss had been pulling down ahead of him and that he saw Voss five feet from the tie, without a shovel, looking toward the box-car.

In his amended complaint he alleged various delinquencies as constituting negligence on the part of the defendant, but his case was finally submitted to the jury on the sole ground of the negligence of his fellow servant, Voss, in placing or leaving the tie where he stumbled over it. In his first complaint plaintiff did not allege that he stumbled over a tie, but that his shovel came out of the tie

and that he slipped on the ice and fell against the pile of ties in consequence.

The appellant in its brief and on the oral argument made the claim that the plaintiff's story, impeached as it was by his first pleading and by previous contradictory statements, was shown by the physical facts to be so incredible as to be unworthy of belief as a matter of law. Appellant makes a very forceful argument to that effect, but it is unnecessary to determine the soundness of that argument.

Even if we assume the truth of plaintiff's version of the accident, the evidence, in the opinion of a majority of this court, does not show a lack of care on the part of Voss which amounts to want of ordinary care under the circumstances here set out. The plaintiff and Voss were engaged in a simple matter of piling ordinary pieces of timber, nearly uniform in size and the piling of which involved the use of the very simplest form of ordinary tools. No complicated machinery or methods were involved. Plaintiff says in his brief that the ties were not always put in exactly the same place when dragged to the pile and that convenience for piling was a factor in the placing of the ties which were to be piled. Necessarily this was so because sometimes the ties were laid north and south and sometimes east and west. Necessarily also it involved the exercise of judgment on the part of the person dragging the ties to be placed in different positions on the pile. Ordinary experience tells us there would not be mathematical precision about such work. Human beings do not act with the uniformity or regularity of machines. The plaintiff was bound to anticipate this, and Voss had a right to assume that the plaintiff would so anticipate.

The federal employers liability act, while relieving the plaintiff of the common law consequences of contributory negligence, does not change the rule that Voss, until something occurred to give him notice to the contrary, might assume the exercise of ordinary care on the plaintiff's part. He need not assume that the plaintiff would ignore the possible presence of ties in the vicinity of the place where they were ordinarily left for piling or the possibility that Voss' shovel might accidentally release itself from the tie in

the crude process of dragging the tie in the manner described. The evidence shows that this occasionally happened. He had a right to expect that the plaintiff under the circumstances would pay some heed to the pathway in which he was backing and at least glance in the direction of his progress.

The deviation from the normal practice which the plaintiff alleges against Voss was very slight. In the opinion of a majority of this court it was not sufficient to constitute want of ordinary care, even if the placing of the tie where it was was not due to accident and even if Voss gave no warning to the plaintiff of its presence. As said by the court in Johnson v. Berwind Fuel Co. 154 Wis. 1, 6, 141 N. W. 1018, 1020:

"Not every deviation from the wisest and most perfect deportment constitutes negligence. It would be impractical to apply the law of negligence to every slight departure from the best or wisest modes of action in the ordinary, simple, or trivial affairs of life."

In Salus v. G. N. Ry. Co. 157 Wis. 546, 550, 147 N. W. 1070, 1071, the court said:

"A fellow servant must be free to execute simple ordinary movements in the performance of his duties and depend upon his associates, in the exercise of like liberty of action, to pay some heed to their own situation."

It appears to us that this is sound doctrine.

The order appealed from is reversed and the case remanded with directions to enter judgment for defendant notwithstanding the verdict.

WILSON, C. J.
I dissent.

DIBELL, J.
I dissent.