## BOZO v. CENTRAL COAL & COKE CO.

No. 3283.   Decided April 7, 1919.   (180 Pac. 432.)

COURTS—RULES OF DECISION—DECISIONS OF ANOTHER STATE—CONSTI-
TUTIONALITY OF STATUTE.   A well-considered decision of the court
of another state that the Workmen's Compensation Act of that
state does not conflict with the state or federal Constitution,
if not binding, is so persuasive that those questions are not
to be reconsidered in an action for personal injuries to an
employé received in the other state.

Appeal from the District Court of Weber County, Second
District; *Hon. A. W. Agee*, Judge.

Action by Dan B. Bozo against the Central Coal & Coke
Company.

Judgment for plaintiff.   Defendant appeals.

REVERSED and REMANDED, with directions.

*T. S. Taliaferro, Jr.* of Rock Springs, Wyo. and *M. E. Wil-
son* of Salt Lake City, for appellant.

*Jos. E. Evans* and *C. R. Hollingsworth,* both of Ogden, and
*B. S. Crow* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff commenced this action in the district court
of Weber county against the defendant to recover damages
for personal injuries which plaintiff alleged he suffered by rea-
son of the negligence of the defendant while he was employed
by it in its coal mine at Rock Springs in the state of Wyo-
ming.   It is not necessary to state the acts of negligence fur-
ther than to state that the plaintiff alleged that the defendant
was negligent in failing to provide for him a safe place to
work, and that by reason of such negligence he was seriously

injured. The defendant filed its answer to the plaintiff's complaint in which it admitted that at the time stated in the complaint the defendant operated a coal mine at Rock Springs, Wyo., and was engaged in the business of mining coal, and denied all other allegations of the complaint. The defendant also set up in its answer what is called a "second defense," in which it pleaded a certain amendment to the Constitution of the state of Wyoming which was adopted by the people of that state in November, 1914, and which is in force in that state. The amendment relied on reads as follows:

"As to all extrahazardous employments the Legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employé. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employé to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death." Const. Amend. art. 10, section 4.

The defendant also, as part of the second defense, pleaded an act duly passed by the Legislature of the state of Wyoming which was approved on February 27, 1915, and which was passed and approved pursuant to the constitutional amendment above quoted. Laws 1915, chapter 124. Among other things, the act provides, "This act shall be known as the 'Workmen's Compensation Law.'" For convenience we shall hereinafter refer to that law as the act.

The various provisions of the act are quite comprehensive and are intended to make provision in order to compensate all employes that may suffer injuries while employed in what are termed "extrahazardous employments," which includes employment in coal mines, and therefore included the plaintiff in this action. Section 3 of the act provides:

"The rights and remedies provided in this act for an employé on account of an injury shall be exclusive of all other rights and remedies of such employé, his personal or legal representatives

or dependent family at common law or otherwise on account of such injury; and the terms, conditions and provisions of this act for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be exclusive, compulsory and obligatory upon both employers and employés coming within the provisions hereof."

The defendant also averred that it had contributed to the fund provided for in the act and had complied with its provisions, and further averred that the act was a complete bar to plaintiff's action. The plaintiff interposed a general demurrer to that part of the answer setting up the act aforesaid. The demurrer, it seems, was based upon the ground that the act is unconstitutional and therefore of no force or effect. The district court of Weber county sustained the demurrer upon the ground that the act for various reasons was unconstitutional and therefore invalid. It is not necessary to state the reasons upon which the rulings of the district court are based.

The case proceeded to a trial to a jury upon the other issues presented in the answer. The trial resulted in a verdict for the plaintiff on which judgment was duly entered, and the defendant appeals.

Many errors are assigned by defendant's counsel, the principal one of which is that the district court erred in sustaining the demurrer to that part of the answer in which the act was pleaded in bar of this action. In case it be held that the act in question furnishes an adequate and exclusive remedy to the employé to recover compensation from his employer for injuries sustained by the former in the course of his employment, then we need consider only the assignment just mentioned, and for that reason we shall consider it first. If therefore the act provides for the remedy just stated, the district court committed manifest error in sustaining plaintiff's demurrer to the so-called "second defense."

Since the demurrer was ruled on by the district court, the validity of the act has been considered and passed on by the Supreme Court of Wyoming in the case of *Zancanelli* v. *Central Coal & Coke Co.*, 25 Wyo. 511, 173 Pac. 981. The defendant in that action is the defendant and appellant in this

one. In that case the Supreme Court of Wyoming considered every objection which was urged by the district court of Weber county against the act and in doing so arrived at this final conclusion:

"We hold that the act passed and considered is justified in all respects by the amendment to the Constitution providing therefor, and that it is not in conflict with any provision of either the Constitution of the United States or the Constitution of this state."

Notwithstanding that the Supreme Court of Wyoming has fully, we may say exhaustively, considered every question raised by the demurrer and has held adversely to every contention made by plaintiff's counsel, they nevertheless insist that we should reconsider the questions raised by the demurrer and should now hold the act unconstitutional and invalid. While it is perhaps true that the decision of the Supreme Court of Wyoming does not bind us and is merely persuasive, yet it is also true that the opinion of the Supreme Court of Wyoming is well considered and is in harmony with practically all of the more recent decisions upon the questions involved in this case. In view of that fact, we should feel inclined to follow the decision of the Supreme Court of Wyoming in any case where the same questions were presented to us for decision. Where, however, as here, the decision is one which relates to a particular act or law duly passed by the Legislature of Wyoming and involves the question of whether such act or law is in conflict with one or more of the provisions of the Constitution of that state, it would be highly presumptuous, if not impertinent, on our part, to even attempt a review of the decision of that court upon a cause of action arising in that state which cause of action is controlled by the law in question and which action is permitted to be instituted in the courts of this state merely by reason of the comity existing between the several states. Were it not for the fact that the matter has been vigorously urged upon us by counsel for plaintiffs, whose judgment and ability we highly esteem, we, in view of the decision of the Supreme Court of Wyoming, should not have considered the question open for discussion. It is only for the reasons just stated that we have considered it to the extent that we have. It is not necessary, however, to

pursue the matter further.  We feel constrained to abide by the decision of the Supreme Court of Wyoming, and, in view of that fact, the judgment of the district court cannot be upheld.  The judgment is therefore reversed, and the cause is remanded to the district court of Weber county, with directions to set aside the judgment in favor of plaintiff, to vacate its ruling on plaintiff's demurrer, and to overrule the same and to proceed with the cause in accordance with the views herein expressed.  Defendant to recover costs on appeal.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.