## BOZO v. CENTRAL COAL & COKE CO.

No. 3509.   Decided December 2, 1920.   (193 Pac. 1111.)

COURTS—SUPREME COURT WILL NOT HOLD LAW OF OTHER STATE UNCONSTITUTIONAL, WHERE IT HAS BEEN UPHELD BY SUPREME COURT OF SUCH STATE.  In view of the holding of the Supreme Court of the State of Wyoming upholding constitutionality of the Wyoming Workmen's Compensation Act, claimed to violate the federal Constitution, and in view of the right to test such holding by an appeal to the Supreme Court of the United States, the Supreme Court of Utah will not hold such law to be unconstitutional.

Appeal from District Court, Second District, Weber County; *A. W. Agee,* Judge.

Action by Dan B. Bozo against the Central Coal & Coke Company.  Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*C. R. Hollingsworth* and *Joseph E. Evans,* both of Ogden, for appellant.

*M. E. Wilson,* of Salt Lake City, and *T. S. Taliaferro, Jr.,* of Rock Springs, Wyo., for respondent.

FRICK, J.

This is the second appeal in this case. The first appeal was from a judgment in favor of the plaintiff. *Bozo* v. *Central Coal & Coke Co.,* 54 Utah 289, 180 Pac. 432. The former judgment was reversed by this court upon the ground that the district court had erred in holding that the Wyoming Workmen's Compensation Act (Laws Wyo. 1915, c. 124) was unconstitutional and void, and for that reason sustained the demurrer to defendant's answer, in which said chapter 124 was pleaded as a defense in bar to the action. Chapter 124 aforesaid was adopted pursuant to an amendment of the Constitution by the people of Wyoming in November, 1914. In said chapter it is provided that the relief, if any is sought, for personal injuries in the cases covered by said chapter, must be obtained under the provisions of said chapter, and cannot be obtained in a common-law action like the one commenced by the plaintiff. The district court, on the first hearing, however, held chapter 124 unconstitutional, and ruled that the answer in which it was pleaded as a defense in bar was of no avail, and hence that the answer set up no defense to the action. The defendant appealed from that ruling (*Bozo* v. *Central Coal & Coke Co., supra*), and this court reversed the judgment and remanded the cause to the district court, with directions to overrule the demurrer, for the reason that said chapter 124 was constitutional. See *Zancanelli* v. *Central Coal & Coke Co.,* 25 Wyo. 511, 173 Pac. 981, where the Supreme Court of Wyoming held said chapter to be constitutional. The cause was accordingly remanded to the district court, and that court, in accordance with the order of this court, overruled the demurrer to the answer, held that chapter 124 aforesaid was a complete bar to the

action, and entered judgment in favor of the defendant, from which ruling the plaintiff now appeals.

The assignments of error all relate to the court's ruling on the demurrer to the answer as aforesaid. The position of plaintiff's counsel is perhaps best stated in their own language, as it is found in their brief in the following words:

"The appellant says that the Compensation Law of Wyoming is violative of the federal Constitution, because it does not furnish the equal protection of the laws, as required by the Fourteenth Amendment, and our point is this: That the compensation allowed under the law is so extremely low and palpably unfair that it places those employés coming under the provisions of the statute in a far worse position than those who are not included therein. And this is so apparent that the court can say it is true as a matter of law; that the court can say that the Legislature, in the exercise of police power, has passed a statute which is unreasonable and in effect confiscatory."

In view of the decision of the Supreme Court of Wyoming holding said chapter 124 constitutional, and further holding that it affords plaintiff the only remedy to which he is entitled, we shall not attempt to enlarge upon the reasons why we follow that decision. Moreover, we are constrained to so hold for the further reason that the plaintiff, if he so desires, may test the question raised by him by appeal to the Supreme Court of the United States. The question raised by him necessarily involves a federal question, and hence we refrain from pursuing the subject further.

In view of what has been said, it follows that the judgment of the district court of Weber county should be, and it accordingly is, affirmed, with costs to plaintiff.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.