W. H. H. PIATT and THOMAS R. MARKS, a Partnership Doing Business as PIATT & MARKS, Resoondents, v. SWIFT & COMPANY, a Corporation, Appellant.

Kansas City Court of Appeals, April 5, 1915.

1. ATTORNEY'S LIEN: Kansas Workmen's Compensation Act. Under the Kansas Workmen's Compensation Act, prior to its amendment in 1913, a workman injured in that State through his employer's negligence has the right to elect between the cause of action given by the act and that given by the common law, and where both employer and employee have elected to come under the provisions of the act, the cause of action granted thereunder is exclusive and supersedes that given by the common law. And by accepting payments of compensation under said act, the employee elects to take the cause of action given thereunder and loses his cause of action under the common law. Consequently, a subsequent contract made in Missouri by the employee with a firm of Missouri attorneys to prosecute his common-law cause of action gives such attorneys no lien upon such cause of action since in his contract with the attorneys the employee contracted to give them something he did not have.

2. ———: ———: Settlement. The Kansas Workmen's Compensation Act provides for weekly payments of a specified proportion

of a employee's wages at the time he was hurt, but it also provides that the compensation due under the act may be settled by agreement in one lump sum and a release given. Plaintiffs' right to a lien grows out of the contract with their client, but it can create a lien as against defendant only by giving plaintiffs an interest in some valid right which the employee had against defendant. But as that right had ceased to exist at the time the contract was executed, the contract gave plaintiffs nothing as against defendant. The cause of action settled by the defendant was a Kansas cause of action which the employee and defendant had a right to settle under the Kansas statute, and the Missouri statute giving an attorney a lien upon his client's cause of action could not affect defendant's right to settle since the Missouri statute had no extra-territorial force.

3. ———: ———: **Election of Employer.** The election required by the Kansas Act to be filed by the employer with the Secretary of State is not required to be in any precise or technical form.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Russell Field* for appellant.

*Chas. H. Thompson* for respondents.

TRIMBLE, J.—Plaintiffs, a firm of Missouri lawyers practicing in this State, seek herein to enforce an attorney's lien upon a cause of action accruing to one Hayes, who while employed in defendant's packing plant in the State of Kansas, received personal injuries through defendant's alleged negligence.

Hayes was injured on January 14, 1913, and on the 24th of that month he entered into a written contract in the State of Missouri employing plaintiffs to prosecute a suit for damages to final judgment or settlement, and agreeing therein to give them fifty per cent of whatever amount was realized whether collected by suit, settlement, or otherwise. On the next day, January 25, plaintiffs notified defendants in writing of the contract and of the interest they had in Hayes' cause of action.

Section 965, Revised Statutes 1909 authorizes such a contract to be made either before or after suit is brought, and provides that, upon notice thereof in writing, such contract shall operate from the service of said notice as a lien upon the client's cause of action and upon the proceeds of any settlement thereof for the percentage due the attorney, which lien cannot be affected by any settlement between the parties either before or after suit is brought; and said section also provides that any defendant who shall, after such notice, settle said cause of action without the written consent of the attorney, shall be liable for the lien as per the contract existing between the attorney and his client. Defendant made five payments to Hayes of $10 each, and later paid him an additional sum of $400, aggregating $450, in full satisfaction and discharge of all claims accrued or to accrue in respect of all results direct or indirect flowing from said personal injury. This was done without the knowledge or consent of the plaintiffs herein. They therefore claim that under section 965, Revised Statutes 1909, they are entitled to fifty per cent of $450 which is $225 with six per cent interest thereon from January 25, 1913, and bring this suit under the Missouri statute to enforce the attorney's lien given thereby.

At the time Hayes was hurt, a law was in force in the State of Kansas known as the "Workmen's Compensation Act." Pursuant to its terms defendant had elected to come within the purview of this Act and was operating its plant thereunder. The first section of said Act provides that no employer to which the Act applied should be liable for any injury for which compensation is recoverable thereunder, except in cases of injury caused by negligence; and section 2 provided that in such cases the existing liability of the employer should not be affected by the Act, but that the injured workman might elect between any right of action against the employer upon such liability and the right

to compensation under the Act. Section 15 provides that no claim of an attorney at law for services should be an enforcible lien on payments due under the Act "unless the same shall have been approved in writing by the judge of the court where the case was tried; but if no trial was had, then by any judge of the district court of this State to whom such matter has been regularly submitted, on due notice to the party or parties in interest." Section 45 provided that every employee entitled to come within the provisions of the Act shall be presumed to have done so unless he serve written notice, before injury, upon his employer that he elects not to accept thereunder. Said Act may be found in Session Laws of Kansas, 1911, page 382, chapter 218, sections 1 to 49.

On January 21, 1913, three days before Hayes executed his contract with plaintiffs, he received from his employer, defendant herein, the sum of $10 and signed a "receipt for compensation under Kansas Workmen's Compensation and Employers' Liability Act, chapter 218, Laws 1911" wherein it was recited that the said sum of $10 was that proportion of his weekly wages to which he was enittled under the above Act. Thereafter, on each of the following days, to-wit, January 30, February 8, February 14, and February 20, 1913, he received $10 and signed a similar receipt, and on the last-named date, defendant paid him the sum of 400 and Hayes executed a receipt therefor, referring to the former weekly payments received by him which with the $400 aggregated $40 which he agreed to accept in full satisfaction and discharge of all claims accrued or to accrue in respect of his said injury. The Compensation Act provides for weekly payments of a specified proportion of the employee's wages at the time he was hurt, but it also provides in section 23 thereof that compensation due under the Act may be settled by agreement and a release executed. And in the case of Gorrelle v. Batelle, 93 Kan. 370, the Supreme Court of Kansas

has held that compensation may be made in a lump instead of by periodical payments.

Under the foregoing facts it is not seen how plaintiffs can successfully maintain their action. If plaintiffs have any rights in the premises, out of what do they grow? They are created, of course, by the contract with Hayes, but that contract alone and of itself does not measure or determine them. The contract can create a lien as against the defendant only by giving plaintiffs an interest in some valid right which Hayes had against defendant. Whatever right Hayes had arose by reason of his injury. That accrued in Kansas and was therefore a Kansas cause of action. Under the law in force there, he had two rights open to him. He could sue under the common law or he could proceed under the Compensation Act at his election. He had either one of two causes of action but could not pursue both of them. His employer had elected to come under the provisions of the Compensation Act. Before Hayes made his contract with plaintiffs he accepted compensation from his employer under said Act, and this was an election on his part to take under the Act rather than to pursue his common-law remedy, and his receipt of the $400 clearly evinced his final choice in the matter. The terms of the Kansas Compensation Act clearly show that where both employer and employee elect to come under and be bound by the Act, the cause of action given thereby supersedes the cause of action given by the common law. And it is so held by the Kansas Supreme Court. [Shade v. Ash Grove etc. Cement Co., 92 Kan. 146; McRoberts v. National Zinc Co., 93 Kan. 364.] It is true both these cases applied to the Act as amended in 1913 when section 2 of the Act was repealed, but this does not make any difference if the employer had elected to come under the Act and the employee had elected to accept thereunder. Consequently, at the time plaintiffs made their contract, Hayes had no cause of action under the common law but had chosen

the cause of action given him by the Compensation Act. Consequently, in his contract with plaintiffs he agreed to give them an interest in something he did not have. The contract by its terms undoubtedly had reference to a cause of action accruing to Hayes by virtue of the common law and growing out of negligence. Plaintiffs' notice to the defendant also shows this and shows that it did not contemplate any other cause of action. Plaintiffs' rights herein do not depend merely upon their contract with Hayes; they also depend upon the validity of the cause of action which Hayes contracted to give them. If plaintiffs had brought suit for damages for Hayes, either in Missouri or in Kansas, it would have been on the cause of action arising in Kansas. [Collins v. Norfolk etc. R. Co., 154 S. W. 37; Schweitzer v. Hamburg-Americanishe Packetfahrt etc., 138 N. Y. Supp. 944; Albanese v. Stewart, 138 N. Y. Supp. 942.] And if the cause of action on which plaintiffs had brought such suit was no longer in existence in Kansas, the suit could not have been maintained. [Sec. 1736, R. S. 1909.] So that if the cause of action affected by Hayes' contract with plaintiffs, and in which he agreed to give them an interest, had ceased to exist, plaintiffs obtained no lien by force of such contract. Inasmuch, then, as the cause of action, in which plaintiffs through their contract with Hayes claim an interest, ceased to exist upon Hayes' election to accept the benefits of the Compensation Act, it is not seen how plaintiffs, by virtue of that contract, can claim a right to enforce a lien against defendant. Especially when the only right to a lien they can have is given under the statute of a State other than the one in which the cause of action arose. Hayes and the defendant had a right to settle their case under the Kansas Act. The right to receive compensation thereunder was a right given him by the State of Kansas, and the right to settle under said Act was given defendant by said State. They acted upon that right, and settled the case in Kansas according to the rights given them by

the law in force there. And unless the Missouri Statute has some extraterritorial force it is not seen how it can abridge that right.

But it is urged that the cause of action given by the Kansas Act is one that can be sued on in Missouri, and that, therefore, plaintiffs had a lien upon that cause of action and that it is that lien they are now seeking to enforce. It is not necessary to decide whether the cause of action given by the Act is transitory or not. The Act says it shall not be. Whether or not this provision is void need not be determined. It is undeniable that the cause of action covered by the contract was for *damages* which are given by the general law and not for *compensation* as covered by the Workmen's Act, and, as before stated, the notice to defendant bears this out. It must be remembered that this is not a suit against Hayes the one who made the contract. It is between plaintiffs and defendant to enfocce a lien given by the law of this State against one who must be bound by that law if the lien is to be enforced. To successfully maintain the suit plaintiffs must not only show that defendant is bound by the Missouri law but they must bring themselves clearly within the law and show that they are clearly entitled to the benefit of its provisions. The notice given defendant was not sufficient to show that it covered the cause of action afforded by the Kansas Act even if it should be held that plaintiffs could, by a contract in Missouri under a Missouri statute, impose a restriction upon a right given to two or more parties to settle their differences in a foreign State over a cause of action given solely in that State.

We do not agree with plaintiffs that defendant has not shown that it elected to come under the provisions of the Kansas Act. The statement required by section 44 of the Act to be filed with the Secretary of State is not required to be in any precise or technical form. It does not have to be evidenced with the same formality as a deed or other instrument which transfers property.

And even if the authority of the officer which signed the statement to make and file the same was not affirmatively shown, it did not have to be, since it was proved and clearly shown that notices to that effect were posted in all parts of the defendant's plant long prior to the injury proving conclusively that the Company did elect to come under the Act and that the statement was filed by authority. This is not a case where the injured employee is contesting the question whether the employer elected to come under the provisions of the Act. By accepting payments in accordance with its provisions and making settlement thereunder, the employee admits that such is the fact, and he is not even now disputing it. He had the right, so far as *defendant* is concerned, to agree to take under the Compensation Act and thereby waive his cause of action under the general law. He could do this without consulting his attorneys. [Belch v. Schott, 171 Mo. App. 357; Whitecotton v. St. Louis etc. R. Co., 250 Mo. 624.] And this would not affect defendant unless it was bound in some way by the contract he had made with plaintiffs. But the cause of action which was the subject of that contract was a Kansas cause of action liable to become extinct under the law of that State whenever the employee elected to accept under the Kansas Compensation Act. And under the circumstances of this case it was already extinct, or at least in process of dying, at the time plianitffs' contract was made. The Missouri statute cannot have any extraterritorial effect so as to bind defendant who was not a party thereto, or to prevent the company and its employee from exercising every right given them by the Kansas law.

We are, therefore, of the opinion that plaintiffs have no lien, no more so than if Hayes had come to Missouri and mortgaged a horse that was then in Kansas and already dead or dying. The judgment, will, therefore be reversed. All concur.