WILLIAM MITCHELL, Appellant, v. ST. LOUIS SMELTING & REFINING CO., a Corporation, Respondent.

St. Louis Court of Appeals. Argued and Submitted October 9, 1919. Opinion Filed November 4, 1919.

1. **MASTER AND SERVANT**: Contract of Employment: Liability for Injuries Governed by Law of Place of Accident. In an action for damages sustained by a servant in another State, whatever the form of the action may be called, whether on contract or in tort, and whether or not the contract of employment was made in this State, where it was for work to be done in the State of Illinois, and the accident, which is the real cause of action, occurred in that State, the liability for it is to be determined by the laws of that State to be enforced within this State under the provisions of section 1736, Revised Statutes 1909.

2. **STATUTES**: Pleading: Answer: Pleading Foreign Statutes. In an action for damages for personal injuries alleged to have been sustained by plaintiff in the State of Illinois, while in the employ of defendant, the laws of Illinois (Workmen's Compensation Act) set up in defendant's answer, while not fully or accurately pleaded,

*held* pleaded with sufficient certainty to authorize its introduction in evidence.

3. **TRIAL PRACTICE:** Admissions of Counsel in Trial Court: Failure to Object to Pleading: Defect Cured.  Where it appears by the record that a duly certified copy of the law (Illinois Workmen's Compensation Act, Hurd's Ed., 1917) was offered and introduced in evidence by defendant, and was received in evidence without objection on the part of the plaintiff, however imperfectly such law may have been pleaded, that defect was cured by the action of plaintiff in admitting, without objection, the certified copy of the law when it was offered and introduced.

4. **MASTER AND SERVANT:** Workmen's Compensation Act: Servant Hired to Work in Foreign State: Recovery Debarred.  Where plaintiff admits that he knew of the law (Illinois Workmen's Compensation Act, Hurd's Ed., 1917) his rights are to be determined by it, and where the facts in evidence conclusively show that both parties were acting under it, etc., *held* in view of the acts of plaintiff himself, he is debarred from bringing this present action.

5. ———: ———: Pleading: Negativing Exceptions in Compensation Act.  Under Subdivision 8, Section 128, Statutes of Illinois (Hurd's Ed., 1917, p. 1450), it was not necessary for defendant to plead and prove that it was not engaged in farming or any of the other occupations excepted by such act.

6. **APPELLATE PRACTICE:** Trial Practice: Answer: No Objection in Trial Court: Cannot Raise Question on Appeal.  The objection that under the general denial matters of avoidance and in estoppel cannot be availed of, cannot be first raised on appeal where no objection was made at the trial and no opportunity given the defendant to amend.

7. **PLEADING:** Answer: General Denial and Facts Barring Recovery Good Pleading.  Where the answer is, first, a general denial; then a statement of facts, which if true, bar plaintiff from recovery, such answer is good pleading under the statute.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Frank Landwehr,* Judge.

Affirmed and remanded.

*Joseph Reilly* for appellant.

(1) Burden of proving the application of the Compensation Act of Illinois to this case, is on the defend-

ant. The defendant attempts to plead the Compensation Act of Illinois as a defense, and the burden is on the defendant to plead and prove that the Compensation Act has jurisdiction in this case. It must overcome the presumption that the common law applies. The defendant has utterly failed to carry its said burden. Gilbert v. Des Lauriers Column Mould Co., 180 N. Y. App. N. Y. Supp. 267. (2) The answer is bad as a pleading. The answer of the defendant pleads only conclusions of law and raises no issue of fact. It does not state facts sufficient to constitute a defense to the plaintiff's cause of action. Mallinckrodt v. Nemnich, 83 Mo. App. 6; Mallinckrodt v. Nemnich, 169 Mo. App. 388; Gibson v. Railroad, 225 Mo. 475; Wentz v. Railroad, 259 Mo. 465. The answer is bad for the further reason that it pleads by way of general denial followed by confession and attempted avoidance. Adams v. Trigg, 37 Mo. 141; Coble v. McDaniel, 33 Mo. 363; England v. Dunham, 93 Mo. App. 19; Kelerher v. Little & Henderson, 203 Mo. 498, 512; State ex inf. Delmar Jockey Club, 200 Mo. 34, l. c. 65; Atterberry v. Nichols & Hendricks, 127 Mo. App. 47. (3) There was a total failure of evidence to sustain the defendant's defense, even if the answer of the defendant can be held sufficient as a pleading. (4) The court committed error in granting an order or a new trial.

*Boyle & Priest* and *G. T. Priest* for respondent.

In actions for damages to the person sounding in tort, the law of the place where the injury was received governs. The Workmen's Compensation Law of the State of Illinois providing for the manner in which injuries received under the circumstances which appellant received his, is exclusive and the courts of Missouri are without jurisdiction and authority to entertain an action by appellant at common law. Chandler v. Railroad, 127 Mo. App. 43; Williams v. Railroad, 106 Mo. App. 61; Coy v. Railroad, 186 Mo. App. 408; Detroit v. Osborn,

135 U. S. 592. Appellant has sued in this State and has predicated his action upon facts sounding in tort. Respondent contends otherwise, but whether the action sounds in tort or contract makes no particular difference in this instance, for the contract was actually consummated in Illinois and was to be wholly performed in the State of Illiniis, in whih event the laws of the State of Illinois govern Liebing v. Life Insurance Co., 207 S. W. 230. The rule, as announced by our appellate courts, that for actions sounding in tort, the laws of the State where the injury was received govern the action. If no cause of action accrued in favor of the injured party in the State where he was injured, then none can accrue in his favor in this State. It is put this wise in the case of Chandler v. Railroad, 127 Mo. App. p. 43.

REYNOLDS, P. J.—Action for damages for personal injuries alleged to have been sustained by plaintiff while in the employ of the defendant at the latter's plant near Collinsville, in Madison County, Illinois.

The petition in the case avers that in September, 1917, while plaintiff was a resident of the city of St. Louis and a citizen of the State of Missouri, and within the city and State, defendant entered into a contract of hire with plaintiff, whereby plaintiff was to enter the service of defendant as a laborer at its place of business in the city of Collinsville, in the State of Illinois; that in said month and year plaintiff, "under the contract made in the State of Missouri," commenced work for defendant and continued in the service of defendant as such laborer until November 29, 1917; that on November 29, 1917, at the city of Collinsville, in the State of Illinois, defendant, in connection with its business, maintained and operated a smelting furnace; that on the day mentioned, defendant, by its foreman, ordered plaintiff to clear away the debris and slag, which covered the railroad track in front

of the furnace; that defendant negligently permitted molten hot lead to escape from the furnace; that the surface of this molten lead had cooled and become hard, forming a crust of the same color as the ground surrounding it; that plaintiff was ignorant of the presence of the molten hot lead and it was not visible or discoverable to plaintiff by the exercise of ordinary care and that while plaintiff, in the exercise of ordinary care, was attempting to break a large piece of the debris with a heavy hammer, he stepped on the crust, which broke and gave way, so that plaintiff's left foot was projected down into the molten hot lead beneath the crust, and his left foot burned from above the ankle to the sole thereof, so that the flesh was burned to the bone on that foot. Charging that defendant knew, or by the exercise of ordinary care would have known, of the presence of this hot lead, and of the danger of plaintiff stepping into it, and averring that by reason of his suffering and injury sustained plaintiff has permanently lost the use of his left foot, he demands damages in the sum of $15,000.

There was a demurrer interposed to this on various grounds but the demurrer was overruled. A motion to make the petition more definite and certain was also interposed and overruled.

The answer, after a general denial, charges that before and at the time plaintiff sustained the alleged injuries he was employed by defendant at its smelter in Madison County, Illinois; that defendant was at that time engaged in an enterprise wherein molten metal was then and there manufactured and used in dangerous quantities, and in an enterprise wherein statutory regulations of the State of Illinois were then imposed, for the regulating, guarding and placing of machinery and appliances for the protection and safeguarding of defendant's employees therein; that plaintiff was then and there directly engaged in his employment as a tapper-helper, whereby he was exposed and subjected to the dangers of the enterprise, and

that while he was then and there in the course of the employment and subjected to the aforesaid dangers, plaintiff came in contact with certain of the molten metal then and there being manufactured and used by defendant, wheroby, as a result thereof, plaintiff received the injuries mentioned. Further answering, defendant avers that at that time, ever since, and now, there was and is in force in the State of Illinois a statute of that State known and cited as "Workmen's Compensation Act," and that the provisions of the act at the time of the alleged injury to plaintiff in his petition mentioned, applied to the defendant and to plaintiff because the defendant was engaged in this enterprise and that in and by this Workmen's Compensation Act, certain compensation is therein provided for the employees of those employers who shall be injured by reason of an accident arising out of and in the course of their employment, and that the injuries herein sued for were sustained by plaintiff in an accident which arose out of and in the course of plaintiff's employment with defendant, and that the amount of compensation due plaintiff for the injuries aforesaid alleged to have been sustained is provided for in the Workmen's Compensation Act, in section 6 of which act it is further provided that no common law or statutory right to recover damages for injuries sustained by an employee while engaged in the line of his duty as such employee other than the compensation provided for in the act shall be available to any employee who is covered by the provisions of the act; that it is further provided by that act that all accidents arising thereunder, if not settled by an agreement of the parties interested therein, should, except as otherwise provided, be determined by the Industrial Commission of the State of Illinois; that by section 11 of this act it is provided that the measure of responsibility of this defendant to plaintiff for personal injuries suffered in his employment shall be compensation as provided for in the act; that at the time of the injury to plaintiff, plaintiff

was covered by the provisions of the aforesaid Workmen's Compensation Act and was then and there engaged in the line of his duty as such employee of the defendant. Further answering, defendant sets up that at and before the time of plaintiff's alleged injury plaintiff was in the employ of defendant, engaged then and there in extra-hazardous occupations; that both defendant and plaintiff were then and there bound by the above-mentioned Workmen's Compensation Act of the State of Illinois; that plaintiff received his alleged injuries from an extra-hazardous occupation mentioned in section 3 of that act; that by the terms and conditions of the act plaintiff is barred and prevented from recovering compensation or damages for his injuries, except according to the terms of that act; that thereafter plaintiff accepted from defendant certain payments of compensation under the aforesaid act and elected to be bound by the remedies provided in that act and elected his remedy thereunder, and is not entitled to bring this action.

To this answer a reply was filed, generally denying the allegations thereof.

There was a trial of the cause before the court and a jury and a verdict in favor of plaintiff in the sum of $4893. Whereupon defendant filed a motion for a new trial, assigning as its fourth ground that the court erred in overruling defendant's instruction in the nature of a demurrer to the evidence offered at the close of plaintiff's evidence in chief; and as a tenth ground, that the verdict is for the wrong party. Another ground assigned (the fifth) was to the alleged error of the court in refusing defendant's requested instruction in the nature of a demurrer to the evidence, offered at the close of the whole case, and still another to error in giving instructions asked by plaintiff. The court sustained the motion, granting a new trial on the fourth and tenth grounds set out in the motion. Excepting to this, plaintiff has duly appealed.

17—Mo. App.

Appellant, plaintiff below, in his abstract of the record, sets out the testimony, wherein it appears that Mitchell, the plaintiff, testified that he resides in the city of St. Louis, Mo., and that he commenced work for the defendant in September, 1917; that in that month he, with others, was at a saloon in St. Louis, Mo., and an employee of defendant came to them· and asked if they wanted to go to work across the river; that they were paying good money there. Plaintiff asked what they paid and this employee said, "From three to four dollars a day and over." Plaintiff and the other men said they would try it, and defendant's employee said that if they wanted to work, to meet him the next morning at 10 o'clock and he would send them over to defendant's plant without expense to them. Plaintiff and the others agreed to this. Whereupon this man left, meeting them the next morning and taking them to defendant's plant, which was near Collinsville, Madison County, Illinois. They arrived at the plant about 12 o'clock and signed up for work the next morning. Plaintiff went to work for defendant the next day at its plant near Collinsville, defendant being there engaged in the smelting of lead. Plaintiff then testified as to the manner in which he was hurt. On cross-examination, asked what he meant by saying that he "signed up," plaintiff answered that wherever he went to work he had to sign up; that is, enter his name and his employer told him what he wanted him to do. Asked if defendant had then agreed upon his wages there, plaintiff said they did not agree to them. Asked what they agreed to pay him, plaintiff said: "I was to work in the Scotch house when I went there." Asked what they agreed to pay him, plaintiff said: "Different prices. It was piece work." When plaintiff left St. Louis with the other men they understood they were to get from three and a half to four-dollars a day; when they got over to the plant they did not get a job at that rate. Plaintiff got a job at defendant's blast furnace. "I did not have any agreement to make," said plaintiff,

"any time they came out and the mills were short they would get the men and take them down there to work." Plaintiff worked in the yard, receiving $2.64 a day for that work; had been working about three months at the place when he was hurt. Defendant was engaged in smelting lead; it had to be reduced to a liquid state and sometimes vapors arose from such process, and grease and gases were given off. Plaintiff then described his injury and the place where it occurred. The molten lead had spread out all over the track. Counsel for defendant then exhibited to witness checks which defendant had given plaintiff in payment as compensation for the injury. Plaintiff admitted having received checks in the aggregate amounting to $100.80, and receipts for this were in evidence. The abstract as submitted by appellant then proceeds

"It was further admitted that there was a Compensation Act in the State of Illinois; that the plaintiff knew of the existence of the Workmen's Compensation Act, and it was admitted that the defendant was operating under the Compensation Act in the State of Illinois. It was further admitted that the plaintiff refused to accept further payments for his said injuries under the said Compensation Act, and that the defendant had offered to make some further payments for said injury under the said act."

Other witnesses for plaintiff testified practically to the same thing about the way they were employed. One of these, who was a member of the party with plaintiff, testified that he was present at the conversation between plaintiff and defendant's representative in St. Louis. This witness testified that there were four or five of them on the corner of Jefferson and Market Streets in St. Louis, and that they had seen a sign on a corner near there, which said they wanted help at the St. Louis Smelting & Refining Company; that a man named Farris was doing the hiring—supposed he was the employing agent for the defendant—and had an office on Market Street. The party of colored men,

of whom plaintiff was one, went out to see this man, getting there in the evening, and met him and he told them that if they wanted to work to come back the next day and meet him at the corner of Jefferson and Market at the saloon and, said this witness, "When we met him there the next day at 10 o'clock he told us they would pay either three or three and a half or four dollars a day." Witness testified that he went ahead and agreed to go to work over there and this man said: "You all meet me here at 10 o'clock and I will pay your expenses over there and there will be a man to meet you at the Collinsville wire and carry you over to the plant." A man on the Illinois side took them out to defendant's plant. This witness saw the accident to Mitchell and described it.

There is submitted to us a paper signed by counsel for both parties, also printed as an appendix to Respondent's Statement and Brief, which is headed, "Stipulation in lieu of Respondent's Additional Abstract of the Record," in which it was agreed that the stipulation "may be filed and taken in lieu of the respondent filing an additional abstract of the record, and it is further admitted and agreed that the record shows the following:

"Testimony of Plaintiff on Cross-Examination.

Q. Can you tell us in the exact language the conversation that occurred between you and the man that employed you over in East St. Louis? A. I did not get you.

Q. Over in Collinsville.

Mr. Reilly: Object to the form of that question. The employment was here in the city of St. Louis; by virtue of that contract he was induced to cross the Mississippi River and go to work over there. They brought him from the grand old State of Missouri over there. They hired him here. It is a Missouri corporation.

Court: He is asking for a conversation now that occurred at Collinsville. Objection overruled.

Mr. Reilly: We will withdraw the objection.

Q. Just state the conversation that took place between you and the fellow that employed you at Collinsville. A. Are you speaking to me?

Q. Yes. Just state the conversation that took place between you and the fellow that employed you at Collinsville. A. Our conversation? Four of us on Jefferson and Market down at the corner saloon there—

Q. I am talking about what occurred over at Collinsville, the conversation; relate the conversation that took place between you and the fellow that you talked to when you went to work at Collinsville. A. I don't know.

Q. You don't know. Did you not talk about what you would do? A. Sure.

Q. Did you not talk about what you would get for it? A. I did not talk about what I could do there because I never did that kind of work. He asked me did I ever work for a lead factory, and I told him No, and he asked me where was the last place I worked and I told him 'Scullin-Gallagher's.'

Q. Then did he tell you what you could do there? A. He told me if I worked at Scullin's I could work there.

Q. I am talking about the St. Louis Smelting and Refining Company. Did he not tell you what you could do there if you went to work? A. Sure, he told me.

Q. What did you say to him, that you would do it? A. Sure, I told him I would do it.

Q. You told him you would do it? A. Yes, sir.

Q. Did he tell you what he would pay you for doing that? A. Sure.

Q. And right then and there you told him you would accept that? A. Yes, sir.

Admissions of Mr. Reilly in Open Court.

Mr. Reilly: Just to save time; we will admit that there is a compensation law over in the State of Illinois and that this man received any amount of money that

these certificates show by reason of his injuries. We will admit all that.

Witness: Sure, I received the money. I acknowledge I received the money.

Q. Are you still receiving money? A. No, sir, no, sir, indeed I ain't.

Mr. Priest: That is the act itself. That is the whole act itself, and attested by the Secretary of State.

Mr. Reilly: We will admit this act.

Mr. Priest: Plaintiff admits that 'Defendant's Exhibit A' was the Workmen's Compensation Law in effect in the State of Illinois and that plaintiff both knew of the law and was bound by the law—

Mr. Reilly: Hold on.

Mr. Priest: He knew the law and that the defendant was operating under the law.

Mr. Reilly: Yes, sir; in the State of Illinois.

Mr. Priest: In the State of Illinois, and that plaintiff accepted under the Compensation Law the following amounts in payment of disabilities received while at work and for which injuries he now sues. On December 29th—$29.44, being one-half of the wages for that time—

Mr. Reilly: Why not take the whole lump sum.

Mr. Priest: I won't take a second. On January 5th, $8.96; on January 12th, $9.80; On January 23rd, $19.60; on February 9th, $19.60.

Said act was there upon marked by the stenographer for identification as 'Defendant's Exhibit A.'

Mr. Priest: It is also admitted by counsel that the following receipts and vouchers accompanied the checks marked 'Defendant's Exhibits B and C.'

Said receipts were thereupon marked for identification by the stenographer as 'Defendant's Exhibit B' and 'Defendant's Exhibit C.' "

(Whereupon it appears that receipts and checks showing the payment of $100.80 had been made. One set of the exhibits referred to and headed, "St. Louis Smelting and Refining Co. International Life Building,

St. Louis, Mo. To Mr. William Mitchell, Dr.,'' reads:
"For compensation due to December 29th, account
of injury sustained November 29, 1917, while in the em-
ploy of the St.. Louis Smelting & Refining Company,
at Collinville, Illinois.''

Following the certificates of the officers of the de-
fendant company to this is a receipt for $29.44, "in full
settlement of the above account," signed, "Will Mitch-
ell.'' A receipt in this form was also in evidence:
"Receipt on Account of Compensation.

Received of St. Louis Smelting & Refining Com-
pany, the sum of twenty-nine dollars and forty-four
cents, being the proportion of my weekly wages from the
29th day of November, 1917, to the 29th day of December,
1917, under the Illinois Workmen's Compensation act,
subject to review by the Industrial Board, said Accident
occurring on the 29th day of November, 1917, while in
the employ of the St. Louis Smelting & Refining Com-
pany, Collinsville, Illinois,'' signed, "Will Mitchell,''
and dated January 7, 1918; also a check on the National
Bank of Commerce. It was admitted that plaintiff had
been paid on like receipts and vouchers a total of $107,
including interest.

After these checks, accounts and receipts, this ap-
pears in the agreed statement:
"The following are excerpts from an act passed
by the Legislature of the State of Illinois and in force
at the time plaintiff received his injuries in question,
and entitled, 'An Act to promote the general welfare
of the people of this State by providing compensation
for accidental injuries or death suffered in the course
of employment within this State,' as shown by Defend-
ant's Exhibit 'A.'

" Section 3. The provisions of this act hereinafter
following, shall apply automatically, and without elec-
tion, to all employers and their employees engaged in
any of the following enterprises or businesses which
are hereby declared to be extra hazardous, namely:

7. In any enterprise wherein molten metal, or explosive or injurious gases or vapors, or inflammable vapors or fluids, or corrosive acids, are manufactured, generated, stored or conveyed in dangerous quantities.

. Section 6. No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employe other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.''

This agreed abstract further sets out,

''That if plaintiff was entitled under the act to file a notice of the rejection of the same, that he did at no time file any such notice with defendant that he did reject said act; that defendant was engaged at the time and place where plaintiff's alleged injury is said to have been received in an enterprise wherein molten metals, injurious gases and vapors and inflammable fluids and vapors are manufactured in dangerous quantities.

''That respondent at all times offered and was ready, willing and able to pay plaintiff the amounts due him under the Compensation law of the State of Illinois, but that it received instructions from plaintiff to no longer advance said payments to him.

''It is further agreed and stipulated that respondent may incorporate this stipulation in its brief or file separate copies thereof with the clerk of this court without objection.''

This was signed by counsel for the respective parties.

We are unable to find any error in the action of the learned trial court in granting a new trial on motion of defendant.

Learned counsel for appellant earnestly insist that this is an action on contract and not in tort. Whatever

the form of the action may be called, it is too plain for argument that the cause of action is for damages for the injury. That injury was sustained in the State of Illinois, while plaintiff was there in the employ of defendant. We have set out the facts as to the employment.

Granting for argument, but not deciding, that the contract of employment was made in this State, beyond question it was for work to be done in the State of Illinois, and the accident, which is the real cause of action, occurred in that State and the liability for it is to be determined by the laws of the State of Illinois. Our Statute (Revised Statutes 1909, sec. 1736) provides:

"Whenever a cause of action has accrued under or by virtue of the laws of any other State or territory, such cause of action may be brought in any of the courts of this State, by the person or persons entitled to the proceeds of such cause of action: *Provided,* such person or persons shall be authorized to bring such action by the laws of the State or territory where the cause of action accrued."

In Piatt & Marks v. Swift & Co., 188 Mo. App. 584; 176 S. W. 434, the Kansas City Court of Appeals held (l. c. 588) that whatever right the injured man, a client of plaintiffs, who claimed a contract with him under which, by the Missouri Law, they were entitled to a lien for fees, "arose by reason of his injury. That accrued in Kansas and was therefore a Kansas cause of action." And again at page 589, it is said:

"If plaintiffs had brought suit for damages for Hayes, either in Missouri or in Kansas, it would have been on the cause of action arising in Kansas (citing cases). And if the cause of action on which plaintiffs had brought such suit was no longer in existence in Kansas, the suit could not have been maintained."

This case is cited in the very elaborate notes to Spratt v. Sweeney & Gray Company et al., (three cases), 153 N. Y. Supp. 505, begining at page 923, 9 Negligence & Compensation Cases Ann., which may be read with profit. In Spratt v. Sweeney & Gray Company et al.,

supra, it was held that where both employer and employees are residents of the State, the latter is entitled to compensation under the New York Workmen's Compensation Act for injuries received while working in another State in the ordinary course of employment. In that case the court, at page 506, quoting from the New York Workmen's Compensation Law defines an employee under the law thus:

"A person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant or in the course of his employment away from the plant of his employer."

This is a subdivision of section 3 of the New York act defining an employee. Undoubtedly, it was with that provision of the act before it, that one of the Appellate Courts of New York held, in Gilbert v. Des Lauriers Column Mould Co., 167 N. Y. Supp. 274, that an action could be maintained in New York under the New York Workmen's Compensation Law by one employed in New York against his employer for an injury sustained in another State during the course of his employment. The case came to the court on appeal from the State Industrial Commission. Learned counsel for appellant states that he relied principally on that case for his right to maintain this action. We do not think it applicable here. The New York Courts, in cases outside of those arising under the Workmen's Compensation Law, have always held that an action for damages for injuries, such as here, is treated as a transitory action, and is to be governed by the law of locality in which the accident occurrd. That was the holdig of the Supreme Court of Minnesota in Johnson v. Nelson 128 Minn. 158. In that case it is said (l. c. 161):

"But, although plaintiff's cause of action is predicated upon his relation of a servant to defendant, and the latter's obligation as master, it is, nevertheless, one in tort. As to such actions the law is well settled that the liability, or right of action, is determined by the

law of the place where the injury is inflicted, without regard to the law of the forum or the law of the place where the contract was made (citing authorities). This eliminates from consideration the law of the place where the contract of employment was made in determining what redress plaintiff may have for the injuries received when working for defendant in Wisconsin. Plaintiff must resort to the law as it is in that State to find his right to relief.''

In our own State, in Fogarty v. St. Louis Transfer Co., 180 Mo. 490, 79 S. W. 664, it is held that the right of action in tort depends upon the law of the State in which the accident occurred. Many other decisions of our courts are to the same effect. [See, also, Piatt & Marks v. Swift & Co., supra, l. c. 588.] Such is the general law, as see 2 Wharton, Conflict of Laws (3 Ed.), secs. 478a, 478b, pp. 1093-1102.

Our Supreme Court, in Liebing v. Mutual Life Insurance Company of New York, — Mo. —, 207 S. W. 230, in a very careful consideration of the question of the *situs* of actions has said (l. c. 232):

''No contract can be consummated until the final act essential to its obligation is performed. [2 Elliott, Contracts, sec. 1115; 5 R. C. L., p. 935, sec. 26, and cases cited under note 8.] If, therefore, the act creating the obligation of a contract is performed at a particular place, the contract must be said to have been made at that place; for until the act done there the parties are not bound. [1 Elliott, sec. 62.] It is also true that 'when it appears from the facts of the contract that there was to be a good faith performance thereof in some jurisdiction other than that of the *lex loci contractus,* and that it is made with reference to the laws of some other place, then it is to be construed according to the law of the place with reference to which it is made. When the terms or nature of the contract show that it is be executed in another country or State, then the place of making the contract becomes so far, immaterial, and the law of the place where the contract

is to be performed governs in determining the rights of the parties.' [2 Elliott, Contracts, sec. 1119.]"

While the law of Illinois was not very fully or accurately pleaded, it is pleaded with sufficient certainty to authorize its introduction in evidence. So the learned trial judge held. Moreover, appellant cannot now object to any lack of full or accurate pleading of the law. It appears by the record in this case that a duly certified copy of the law was offered and introduced in evidence by defendant, and was received in evidence without any objection whatever on the part of plaintiff. Counsel for appellant in his statement admits it was in evidence and his abstract shows that when it was offered he specifically admitted it as proved. So that, however imperfectly it may have been pleaded, that defect was cured by the action of plaintiff in admitting, without objection, the certified copy of the law when it was offered and introduced. The law is to be found in full in Revised Statutes of Illinois (Hurd's Ed., 1917), commencing on page 1448, and the material sections are as set out in the agreed abstract furnished by respondent. It was approved June 28, 1913, in force July 1, 1913, and the first section of the act amended by an act approved June 25, 1917, in force July 1, 1917. [See Laws of Illinois, 1917, p. 505, sec. 126 (Hurd's Ed., 1917), p. 1448].

The first section of that act as amended provides, in part:

"That any employer in this State, who does not come within the classes enumerated by section three (3) of this act, may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this act, and thereby relieve himself from any liability for the recovery of damages, except as herein provided."

Plaintiff's employer was one who came within section 3.

That was the law in force at the time of this accident, which occurred in September, 1917. Section 3 of the act is section 128, Revised Statutes of Illinois (Hurd's Ed., 1917), p. 1449. The seventh subdivision is to be found on the same page of Hurd's Revision of 1917. Section 6 of the same act is section 131, Statutes of Illinois (Hurd's Ed., 1917), p. 1451. Following this section 6 is section 7, which provides for the amount of compensation to be awarded, and not necessary to here notice.

Very clearly the plaintiff falls under the provisions of this law and his rights are to be determined by it. He specifically admits that he knew of the law. His receipts show that as far as he was concerned, he accepted it. The action of the defendant in the premises, in dealing with plaintiff, shows that it had accepted the law. While there was no direct evidence of the filing of acceptance or rejection of the law by either party, the facts in evidence conclusively show that both parties were acting under it. Defendant paid, according to its vouchers, under the law; plaintiff receipted for several payments, as having been made under the law. Section 3 (sec. 128, p. 1449, Hurd's 1917 Ed.), expressly enacts that the provisions of the act shall apply "automatically" to all employers and employees engaged in work such as here involved. In view of the acts of plaintiff himself, he is debarred from bringing this present action.

Subdivision 8, of section 3, reads thus:

"In any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or public therein; each of which occupations, enterprises or businesses are hereby declared to be extra-hazardous; Provided, nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise

or lease land for any of such purposes, or to any one in their employ or to any work done on the farm or country place no matter what kind of work or service is being done or rendered.'' [See subdivision 8, sec. 128, Statutes of Illinois (Hurd's Ed., 1917), p. 1450.]

Learned counsel for appellant quotes this, claiming that it was necessary for the defendant in this case to plead and prove that it was not engaged in farming or any of these occupations. We cannot agree to that view of it. Nor do we think that this proviso has any relation to the case in hand.

That same learned counsel attacks the answer, claiming that under the general denial there contained, the other matter in avoidance and in estoppel pleaded cannot be availed of. However that may be, no such objection was made at the trial and no opportunity whatever given the defendant to amend. It would be rank injustice to allow appellant to avail himself of such a claim at this state of the cause. On that ground we are compelled to disregard the very elaborate argument of learned counsel on that point. Moreover, the plaintiff is arguing on a false premise. The answer is first, a general denial; then a statement of facts, which, if true, bar plaintiff from recovery. That is good pleading under the statute.

While it was not stated in the ruling of the trial court as ground for granting a new trial, the action of the court can be sustained for error in giving the instruction at the instance of plaintiff, that under the facts in evidence he was entitled to recover, those facts being found true to the satisfaction of the jury. In view of the Illinois Workmen's Compensation Law, as pleaded and in evidence, plaintiff could not recover and this instruction should not have been given.

The same learned counsel for the appellant also argues that under the Illinois Law the matter should have been submitted to the Industrial Board of Illinois for adjudication before bringing suit. That point

might be entitled to consideration, if plaintiff was proceeding under the Illinois Law. But he is not.

It follows that the order of the circuit court in granting a new trial was correct. It may be that appellant, plaintiff below, will elect to dismiss this action, rather than let judgment go against him, and proceed under the Illinois Workmen's Compensation Law, if not debarred by limitation or otherwise in that law; and if it is necessary to do so to obtain the relief that law provides.

The order granting a new trial is affirmed and the cause remanded for such further proceedings as the parties may be advised are proper and in accordance with what we have here announced. *Allen* and *Becker, JJ.*, concur.