### THE FALCO.

(District Court, E. D. New York. September 30, 1926.)

No. 9570.

Admiralty ☞5—United States court will decline jurisdiction of suit for injuries to Brazilian seaman on Swedish ship, on showing that Swedish compulsory insurance laws furnish exclusive remedy and entitle seaman to compensation without returning to Sweden.

United States court will decline jurisdiction of suit for personal injuries to Brazilian seaman on Swedish ship, on showing that seaman's remedy under Swedish compulsory insurance law is exclusive, and that application for compensation may be made to Swedish consul without returning to Sweden, nor was seaman's nationality or fact that he had not signed shipping articles material, his nationality being merged in that of ship.

In Admiralty. Libel by Joao M. Braga against the steamship Falco; the Rederiakties Bore, claimant. On motion by claimant and another for an order of the court declining jurisdiction. Motion granted.

Haight, Smith, Griffin & Deming, of New York City (James McKown, Jr., of New York City, of counsel), for claimant.

Simon N. Gazan, of New York City, for libelant.

MOSCOWITZ, District Judge. This is a motion made by the claimant for an order praying the court to decline jurisdiction and dismiss the libel herein. Libelant is a subject of Brazil. He was employed on the steamship Falco, of Swedish registry, as a seaman, although he had not signed shipping articles. The alleged accident occurred on board the vessel in New York. The consul general of Sweden joins in the application.

It appears from the affidavit of the consul general of Sweden that under the provisions of the Swedish laws insurance in favor of seamen injured in the course of their duty is compulsory and provides the exclusive remedy which such seamen have as against either the ship or the owner thereof. It is not required that the injured seaman should return to Sweden. His application for compensation will be entertained by the Swedish consul, and arrangements made for the payment of such amount as he may be entitled to under the law.

I have decided in the matter of The Seirstad (March 19, 1926) 12 F.(2d) 133: "It appears that this is a case in which jurisdiction is discretionary, and that this discretion will not be exercised against the protest of the consul of the country to which the vessel belongs, except under special circumstances and extraordinary hardship."

There are two questions raised upon this application. (1) The libelant did not sign shipping articles. (2) He was a citizen of Brazil, and therefore not a Swedish national.

It is alleged in the libel herein that the libelant was a seaman employed upon a vessel and that he was injured while so employed. It is immaterial whether or not he signed the shipping articles. He was acting in the capacity of seaman at the time of the alleged injury. The nationality of the seaman is merged in the nationality of the ship on which he is employed. The remedy of the libelant is to seek compensation from the government of Sweden.

Motion to decline jurisdiction and dismiss libel is granted. Settle order on notice.