# GUST CHRIST v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

March 15, 1929.

No. 27,140.

[1]Reported in 224 N. W. 247.

*Peter E. Kamuchey,* for appellant.

*Granger, Clemens & Blethen, Richard L. Kennedy, William T. Faricy* and *Paul J. McGough,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying his motion for a new trial. He seeks to recover for injuries received while working as an employe of defendant in the state of Wisconsin. Defendant pleaded the workmen's compensation act of Wisconsin and claims that plaintiff is confined to that law for his remedy since he was not engaged in interstate commerce at the time.

■ The question of interstate commerce became, upon the record, a question of fact; and there is ample evidence to support the finding of the jury sustaining defendant's contention that at the time of the injury the parties were not engaged in interstate commerce. This finding eliminated a possible recovery under the federal employers liability act, which if applicable would prevent the operation of the Wisconsin workmen's compensation act.

■ It is clear that the employer and employe, at the time of the alleged injury, were subject to and within the terms of the Wisconsin workmen's compensation act. It follows that the act, as between the two, provided the exclusive remedy. Wis. St. 1925, § 102.03; Knoll v. Shaler, 180 Wis. 66, 192 N. W. 399; Sheban v. A. M. Castle & Co. 185 Wis. 282, 201 N. W. 379; Cermak v. Milwaukee A. P. P. Co. 192 Wis. 44, 211 N. W. 354.

■ Plaintiff seeks to avoid the operation of the compensation act by virtue of § 102.08 (4), which excludes its application to employes "operating, running or riding upon, or switching freight or other trains," etc. Plaintiff worked as a laborer with a crew of 50 men and was engaged in unloading sand from gondola cars. In doing the work he was injured while a car from which he was shoveling sand was necessarily moved 25 to 30 feet. Obviously the legislative intent was to exclude railway operating trainmen and switchmen

as distinguished from other railway employes having no part in the operation of trains. The statute refers to a class of employes therein considered. It has no reference to such an employe as plaintiff.

Plaintiff attempts to invoke what is known as the Wisconsin railroad liability act. Wis. St. 1911, § 1816. But this statute was not pleaded and not proved. The mere fact that the trial court mentioned this statute in a memorandum and suggested that it had been superseded by the compensation act and citing Salus v. G. N. Ry. Co. 157 Wis. 546, 147 N. W. 1070, and M. St. P. & S. S. M. Ry. Co. v. Industrial Comm. 153 Wis. 552, 141 N. W. 1119, Ann. Cas. 1914D, 655, does not put the foreign statute in evidence nor make it a part of the settled case. It is not in the case.

The other assignments of error are unimportant.

Affirmed.

