**JONATHAN WOODNER CO.**

v.

**MATHER.**

No. 11624.

United States Court of Appeals District of Columbia Circuit.

Argued June 5, 1953.

Decided Jan. 7, 1954.

Petition for Rehearing Denied March 19, 1954.

Mr. Thomas S. Jackson, Washington, D. C., with whom Messrs. Louis M. Denit, Martin R. Fain and P. Baxter Davis, Washington, D. C., were on the brief, for appellant.

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. John M. London, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Ernest Mather was employed in the District of Columbia, where he resided, by the Colonial Electric Company. He was injured while working as an electrician on an apartment construction project in Maryland. The Jonathan Woodner Company was the principal contractor on this project; Colonial Electric was a subcontractor.

Colonial Electric had workmen's compensation insurance for Mather's benefit under both the Maryland and the District of Columbia Compensation Acts. Woodner had workmen's compensation insurance for Mather's benefit under the Maryland Act. Mather did not, however, claim workmen's compensation under either statute. He chose instead to sue the Woodner Company—the principal contractor—for negligence, in the United States District Court for the District of Columbia. He recovered a judgment for damages, and the Woodner Company appeals.

Under the Maryland Workmen's Compensation Act a principal contractor, as well as the subcontractor who employs the worker, is "liable to pay to any workman * * * any compensation under this Article which he would have been liable to pay if that workman had

been immediately employed by him".[1] If the principal contractor does not take out workmen's compensation insurance he is subject to negligence suits by the employees of his subcontractors without being able to raise such customary defenses as assumption of risk or contributory negligence.[2] In return, however, the principal contractor, when he does participate in the workmen's compensation plan, is relieved by the Maryland statute of common law liability to the employees of his subcontractors. They can proceed against him only under the provisions of the Maryland workmen's compensation law.[3]

The workmen's compensation system of the District of Columbia is somewhat different in its pattern.[4] Here the principal contractor is liable for the payment of compensation to employees of a subcontractor only if the subcontractor has not himself taken out workmen's compensation insurance.[5] Where the subcontractor has taken out such insurance, and the principal contractor has not, it may be that the latter is not relieved of his common law negligence liability to the employee for an injury suffered in this jurisdiction. See Liberty Mut. Ins. Co. v. Goode Const. Co., D.C.E.D.Va. 1951, 97 F.Supp. 316, 317, citing Continental Cas. Co. v. Thorden Line, 4 Cir., 1951, 186 F.2d 992, 996. But see 2 Larson, Workmen's Compensation § 72.31 (1952); Note, 39 Va.L.Rev. 951, 959 (1953). That is a question this court has not heretofore decided, and one we need not decide at present. To sharpen the issue in this case, we will accept for present purposes appellee's contention that, where an industrial injury occurs in the District, and only a subcontractor has taken out insurance, the principal contractor is liable in a suit for negligence brought by an employee of that subcontractor. But appellee would have us go further: he would have us say that where his injury was received in another jurisdiction, District of Columbia law gives him a right of action here against a negligent principal contractor regardless of the law or policy of the other jurisdiction. For this, he relies largely on Section 933 of the Act prevailing in the District of Columbia, which gives an injured employee the right to elect, on notice to the deputy commissioner, to receive the compensation provided by the employer or to recover damages against a third party alleged to be liable. 44 Stat. 1440, as amended, 33 U.S.C.A. § 933. Appellee elected to sue Woodner as a third party. He urges that the statutory provision just cited, as well as the public policy of

1. Ann.Code Md., Art. 101, § 63 (1951).
2. Ann.Code Md., Art. 101, § 14 (1951).
3. Ann.Code Md., Art. 101, § 14 (1951), provides:
   "Every employer subject to the provisions of this Article, shall pay or provide as required herein compensation according to the schedules of this Article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment without regard to fault as a cause of such injury * * *.
   "The liability prescribed by the last preceding paragraph shall be exclusive * * *."
   Ann.Code Md., Art. 101, § 63 (1951), provides:
   "* * * the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this Article which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this Article, reference to the principal contractor shall be substituted for reference to the employer * * *."

4. Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code § 36–501 (1951).

5. 44 Stat. 1426, 33 U.S.C.A. § 904(a), provides in part:
   "In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor unless the subcontractor has secured such payment."

the District of Columbia, protects him in that election and entitles him to maintain this suit.

If compensation were claimed in Maryland the Maryland Act would undoubtedly, and with propriety, be used.[6] But it is also clear that if compensation were claimed against Colonial Electric in the District of Columbia the act here in force could, and would, be applied.[7] To say this much, however, does not answer the question here presented; this is a suit against Woodner, the principal contractor, for damages and not for compensation. The issue, then, is whether we will apply the Maryland law, which would bar this action.

Appellant says that under the full faith and credit clause we are bound to apply the law of Maryland. Much support for that contention is to be found in the decision of the Supreme Court in Bradford Electric Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026. A negligence suit was there brought in New Hampshire by an employee against his employer, for an injury occurring in New Hampshire. The defense raised was that the contract of employment was made in Vermont, that the parties resided and did business there, and that under the laws of that state workmen's compensation was provided for the injury in question, and was made the sole remedy. Mr. Justice Brandeis, speaking for the Supreme Court, held that the full faith and credit clause required that the bar to suit raised by Vermont law be applied.

During the intervening years the authority of the Bradford case has been attacked: some commentators consider that it has been virtually overruled. But the impact of the later cases in the Supreme Court has been to expand the rights of interested states to provide workmen's compensation: the compensation system has thus been materially strengthened. It is now clear that the state of employment can give workmen's

6. Appellee contends that Art. 101, § 68(3), Ann.Code Md. (1951), exempts this case from the Maryland Act. This contention seems untenable. The section reads in part: "An employee and his employer who are not residents of his State and whose contract of hire is entered into in another State shall be exempted from the provisions of this Article while such employee is temporarily or intermittently within this State doing work for such non-resident employer, *if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws of such other State * * *.* The benefits under the Workmen's Compensation Act or similar laws of such other State shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this State." (Emphasis supplied.) Another part of Art. 101, § 63, reads "where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this Article, reference to the principal contractor shall be substituted for reference to the employer." The principal contractor has not furnished workmen's compensation insurance coverage in the District of Columbia. Thus, making the substitution as required, Section 68(3) does not apply. Moreover, Section 68(3) read in its entirety evidences an intent to give exemption from the Maryland Act only where the employee could proceed, in the other jurisdiction, for compensation alone; the phrase "benefits under the Workmen's Compensation Act" cannot sensibly be interpreted, in the context, to include a common law action.

7. The Act in force in the District of Columbia expressly applies "in respect to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs * * *." D.C.Code, § 36–501 (1951). See Cardillo v. Liberty Mut. Ins. Co., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Travelers Ins. Co. v. Cardillo, 1944, 78 U.S.App.D.C. 392, 141 F.2d 362; B. F. Goodrich Co. v. Britton, 1943, 78 U.S.App.D.C. 221, 139 F.2d 362; Moyer v. Cardillo, 1941, 73 U.S. App.D.C. 261, 119 F.2d 785. In the instant case, the evidence was conflicting as to whether the appellee's contract of employment with Colonial Electric was made within the District of Columbia; for present purposes, we will assume that it was.

compensation, even though the injury occurred in another jurisdiction which would provide workmen's compensation on a basis said to be exclusive: Alaska Packers Ass'n v. Industrial Accident Comm., 1935, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044. Clearly, too, the state in which the injury occurred can provide workmen's compensation, even though the state where the contract of employment was made would also provide workmen's compensation, on a purportedly exclusive basis: Pacific Employers Ins. Co. v. Industrial Accident Comm., 1939, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940. But no decision of the Supreme Court has allowed a suit at common law to be maintained against the employer in a case where workmen's compensation was available to the employee by the law of a state having a substantial interest, and was declared to be the exclusive remedy by that law. In that situation, the reasoning of the Bradford case seems as valid today as it ever was.[8] To allow the compensation system to be supplanted by suits for damages would be gravely to impair, if not to destroy, that system—a system which provides, in Justice Brandeis' words, "not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate." Bradford Elec. Co. v. Clapper, 286 U.S. at page 159, 52 S.Ct. at page 576.

■ It may be, therefore, that the full faith and credit clause binds us to hold that we must respect the Maryland law which gives Woodner the status of "employer" of Mather, and which bars any common law suit by Mather against Woodner, in whatever jurisdiction brought. But we need not rest our decision on that basis. Approaching this case as one in which we have power to choose the law which we will apply, we think established principles of the conflict of laws point to the choice of Maryland law. In the first place, that law is the law of the place of injury. It is immemorially established that where suit is brought for an act alleged to be a tort, the law of the place where that act occurred must govern its character. If one man strikes another in Canada, Canadian law must say whether that act was justified or not, actionable or not. Otherwise an act innocent (or even commanded) in the place where it was done could have disastrous consequences in suits brought in other parts of the world. The present suit is a tort suit. Looking at it simply as such, it must stand or fall by the law of Maryland, and Maryland has barred it at its birth. See Bagnel v. Springfield Sand & Tile Co., 1 Cir., 1944, 144 F.2d 65, 69. This principle has often been invoked in similar cases. During the period when workmen's compensation acts were in process of enactment throughout the country employees, barred in the state of injury by a workmen's compensation act, often resorted to suit in the state where the contract of employment was made. Such suits, with few exceptions, were disallowed, usually on the simple ground

---

8. See Restatement, Conflict of Laws § 401 (1948 Supp.). "If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any state.

   *    *    *    *    *

"b. *Effect of Constitution of United States.* If the Compensation Act of the State where the contract of employment is made abolishes the common law or statutory right of action either as a result of the fact that the employment was entered into in that State or by reason of the election of the parties to come within the operation of that Act, no action can be maintained in any State irrespective of where the workman was injured or killed unless the State where the wrong occurred has declared the Act obnoxious to its policy of permitting recovery for the protection of the interests of persons living in the State. This result is required as between States of the United States under the full faith and credit clause of the Constitution."

that a suit in tort must be governed by the law of the place of injury.[9]

Appellee contends, however, that tort principles compel us only to apply tort law. He argues that the bar to the instant suit flows from the Maryland Compensation Act and not from Maryland tort law; that the compensation act of the District of Columbia applies and allows suit; and that, as the District Act could be applied to allow compensation, its provisions should be used here rather than those of the Maryland Act. We cannot accept these arguments.

Suit by an employee against his employer for damages has almost invariably been denied where some applicable workmen's compensation act existed under which the employee could have claimed compensation.[10] Most of these cases involved the situation described above: suit in the place of contracting, the law of the place of injury presenting the bar. And, while suit was ordinarily held barred on the ground that the law of the place of injury controls in a tort suit, a few of these cases indicated that, regardless of where the injury occurred, if the employee could claim compensation anywhere a suit for damages would not be allowed.[11] Other cases, however, are clearer on this point. Where the state of contracting rather than the state of injury presents a bar, the simple expedient of saying that the law of the place of injury governs a tort action will not prevent suit. In such cases the law of the place of contracting is chosen and again the claimants are relegated to their remedy under the applicable workmen's compensation law—regardless of whether the forum is in the state of injury[12] or the state of contracting.[13] The language of these cases is sometimes ambiguous; and occasionally a court will justify its choice of law on a seemingly unrelated ground.[14] But the thrust of these groups of cases, taken together, is apparent: in an employee-employer suit, if some workmen's compensation act purports to bar the action, that bar will be applied in the forum.

The rationale underlying these cases, though not articulated, seems clear. The employer has incurred the burden of providing workmen's compensation insurance. The employee has foregone his

9. Magnolia Petroleum Co. v. Turner, 1933, 188 Ark. 177, 65 S.W.2d 1; Christ v. Chicago & N. W. Ry. Co., 1929, 176 Minn. 592, 224 N.W. 247; Mitchell v. J. A. Tobin Const. Co., 1942, 236 Mo.App. 910, 159 S.W.2d 709; Mitchell v. St. Louis Smelting & Refining Co., 1919, 202 Mo. App. 251, 215 S.W. 506; Pendar v. H. & B. American Mach. Co., 1913, 35 R.I. 321, 87 A. 1; L.R.A.1916A, 428; Bozo v. Central Coal & Coke Co., 1920, 57 Utah 243, 193 P. 1111. The same result is reached when the injury occurs in a foreign nation which has provisions similar to workmen's compensation. The Falco, D.C.E.D.N.Y.1926, 15 F.2d 604, affirmed 2 Cir., 1927, 20 F.2d 362; Beyer v. Hamburg-American S.S. Co., C.C.S.D.N.Y. 1909, 171 F. 582.

10. See 2 Larson, Workmen's Compensation Law § 88.10 (1952); Dwan, Workmen's Compensation and the Conflict of Laws, 11 Minn.L.Rev. 329, 347 (1927); Dwan, Workmen's Compensation and the Conflict of Laws, 20 Minn.L.Rev. 19, 33–34 (1935).

11. Christ v. Chicago & N. W. Ry. Co., 1929, 176 Minn. 592, 224 N.W. 247; see Mitchell v. J. A. Tobin Const. Co., 1942, 236 Mo.App. 910, 159 S.W.2d 709; Yoshi Ogino v. Black, 1st Dep't 1951, 278 App.Div. 146, 104 N.Y.S.2d 82, affirmed 1952, 304 N.Y. 872, 109 N.E.2d 884.

12. Scott v. White Eagle Oil & Refining Co., D.C.D.Kan.1930, 47 F.2d 615; Barnhart v. American Concrete Steel Co., 1920, 227 N.Y. 531, 125 N.E. 675. And see Bradford Elec. Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, discussed above.

13. Anderson v. Miller Scrap Iron Co., 1919, 169 Wis. 106, 170 N.W. 275, 171 N.W. 935; cf. Severson v. Hanford Tri-State Airlines, 8 Cir., 1939, 105 F. 2d 622, certiorari denied 1940, 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008.

14. Barnhart v. American Concrete Steel Co., 1920, 227 N.Y. 531, 125 N.E. 675.

874

right to sue the employer for negligence. But both have also gained. The employer has gained an immunity from common law suit. The employee has gained a right to relief even where his injury did not arise through the fault of his employer. The courts clearly consider that this system of mutual give and take would be upset if the employee could sue for negligence in another jurisdiction.[15]

As we have no legislative or judicial policy against the application of the bar of the Maryland Act, that bar should prevail. The principles of the employee-employer cases apply here, for although this case differs from them in some respects it is essentially like them. Jonathan Woodner Company was not the immediate employer of Mather. Yet it was required by the law of the state where the work was done and where the injury occurred to provide compensation insurance. Mather also had his immediate employer to look to for compensation. Yet it was unquestionably of advantage to him for the principal contractor to be obliged to participate for his benefit in the workmen's compensation system of Maryland. As in the ordinary employee-employer situation, therefore, a balance was struck. Both employee and principal contractor are in some ways damaged and in other ways benefited by the Maryland Act. If the employee were allowed to sue for damages in another jurisdiction, in cases where the Maryland Act could apply, this balance would be upset.

For these reasons, the judgment of the District Court must be

Reversed.

15. The statement of the policy of these decisions serves also to explain the cases which are exceptions to the rule. The courts of North Carolina, before that state enacted a Workmen's Compensation Act, felt that the policy of its jurisdiction was strongly opposed to many aspects of workmen's compensation acts. Johnson v. Carolina, C. & O. Ry., 1926, 191 N.C. 75, 131 S.E. 390, followed in Lee v. Chemical Const. Co., 1931, 200 N.C. 319, 156 S.E. 848. See Standard Pipe Line Co. v. Burnett, 188 Ark. 491, 66 S.W.2d 637, certiorari denied, 1934, 292 U.S. 649, 54 S.Ct. 857, 78 L.Ed. 1499. As a result they were unconcerned with any disruption of the system and, in cases of conflict with a workmen's compensation act, applied their own law. But no such policy exists in the District of Columbia.