Paul T. MOORE, et ux., Appellants,

v.

RONALD HSU CONSTRUCTION COMPANY, INC., Appellee.

No. 88–1593.

District of Columbia Court of Appeals.

Argued April 4, 1990.

Decided June 28, 1990.

---

Joseph C. Ruddy, Jr. for appellants.

Joseph P. Clancy for appellee.

Before ROGERS, Chief Judge, and NEWMAN and FARRELL, Associate Judges.

FARRELL, Associate Judge:

This case presents a choice of law question arising from an accident on a construction site in the District of Columbia and a subsequent lawsuit by the plaintiff-victim and his wife, residents of Maryland and officers of a Maryland close corporation, against another Maryland corporation which had hired plaintiffs to perform work on the District of Columbia site. The parties agreed below that the Maryland Workers' Compensation Act governed whether plaintiffs could file this suit for personal injury or instead were confined to remedies under the workers' compensation laws. We agree with the parties' evaluation of the choice of law question and reverse the trial court's apparent contrary determination. We further hold, as a matter of law, that plaintiffs availed themselves of the exemption or "opt out" provision of the Maryland Workers' Compensation Act and hence were free to bring this suit in Superior Court, where jurisdiction concededly lies.

I.

Plaintiffs Paul T. and Nancy J. Moore filed suit in Superior Court against Hsu Construction Company and other defendants alleging negligence in their failure to provide for the safety, care and protection of the subcontractor and employees on a construction site in the District of Columbia. The Moores claimed that Paul T. Moore had been injured when he fell from a ladder while painting an exterior roofcap and other surfaces of a building under renovation, and the roofcap gave way causing him to fall thirty feet to the ground. Hsu Construction had hired the Moores' company, Paul T. Moore, Inc., as a subcontractor to paint the building in question.

After discovery and preliminary proceedings,[1] Hsu Construction filed a motion for summary judgment citing as undisputed facts that at all relevant times, Hsu Construction was a Maryland corporation with its primary place of business in Maryland, possessing a workers' compensation insurance policy that covered its employees while at work in Maryland and the District of Columbia; that Paul T. Moore, Inc. was a Maryland close corporation with its primary place of business in Maryland, where Paul T. Moore also resided; and that any

---

1. Only Hsu Construction among the defendants had been served by the time the trial court granted summary judgment on August 9, 1988.

contract of employment between Paul T. Moore and Moore, Inc. was based in Maryland. Hsu Construction argued that, under the Maryland Workers' Compensation Act, Paul T. Moore was a "statutory employee of Hsu," *see* MD. CODE ANN. art. 101, §§ 21(b)(2) & 62 (1957, 1985 Repl.Vol.), and that therefore Moore's exclusive remedy against Hsu Construction was for workers' compensation. *Id.,* § 15. Hsu Construction conceded that an officer of a close corporation, as defined by Maryland law, may elect to become exempt from coverage as an employee under Maryland's Workers' Compensation Act, *id.,* § 67(4)(ii), and that Paul T. Moore, Inc. was such a corporation. Hsu contended, however, that Moore had failed to meet the statutory requirements for that election.

Specifically, an officer of a Maryland close corporation may avoid coverage as an employee provided "the employer shall serve upon the employer's insurance carrier and upon [the Maryland Workers' Compensation] Commission written notice naming the persons electing not to be covered...." *Id.* Hsu Construction asserted that neither Paul T. Moore nor any officer of Paul T. Moore, Inc. had notified the Commission of an election to be exempted from coverage. In support of this assertion, Hsu Construction attached an affidavit of counsel representing that he had spoken with an official of the Insurance Section of the Maryland Workers' Compensation Commission, who informed him that "no officers of Paul T. Moore, Inc. had ever exempted themselves, pursuant to [§ 21(b)(2)(i) ], from having to obtain worker's compensation insurance." Accordingly, Hsu Construction's motion concluded:

Paul T. Moore is a statutory employee of Hsu. Since Hsu provided worker's compensation insurance for Paul T. Moore's injuries, Paul T. Moore's sole remedy against Hsu is a worker's compensation claim. Nancy Moore's claim relies solely on Paul Moore's claim. Therefore, summary judgment against the Moores is appropriate....

In opposing the motion, plaintiffs agreed that under choice of law principles applied by the District of Columbia courts, the Maryland Workers' Compensation Act and not the District's corresponding statute would determine whether plaintiffs could bring suit for personal injury or were limited to a claim for workers' compensation. They further agreed that "the only material issue is whether or not ... Paul T. Moore, as an Officer of a Close Corporation in the State of Maryland[,] elected to reject Workmens' Compensation Coverage, and served appropriate notice upon his Insurance Carrier and the Workmens' Compensation Commission." Plaintiffs countered Hsu Construction's affidavit with sworn affidavits of their own stating that, upon investigation, it had been learned that on or about January 26, 1981, Paul T. and Nancy J. Moore had filed with the State Farm Insurance Company a written election to reject workers' compensation coverage for themselves; and further that an index card system maintained by the Maryland Workers' Compensation Commission confirmed that a rejection letter signed by Paul T. and Nancy J. Moore had been received by the Commission on June 26, 1981. Plaintiffs contend, therefore, that by operation of Maryland law they were entitled to bring suit against Hsu Construction for negligence.

On August 9, 1988, the trial court entered a brief order granting summary judgment in favor of Hsu Construction, without discussion and citing only this court's then-recent decision in *Meiggs v. Associated Builders,* 545 A.2d 631 (D.C.1988).

## II.

We begin by considering the trial court's reliance on *Meiggs.* With all due respect, we do not see that as a choice of law case. Rather, it involved an issue of construction of District of Columbia law: "Who is an employer immune from tort liability under the provisions of the District of Columbia Workers' Compensation Act of 1979?" *Id.* at 633. In *Meiggs,* certain general contractors sued for negligence by employees of subcontractors defended on the ground that the workers' compensation statute grants immunity to general contractors

from tort liability in suits brought by injured employees of subcontractors, even where the subcontractors have secured payment of workers' compensation to the employees. In rejecting this argument, this court observed that, by the terms of the statute, the general contractors and the plaintiffs did not stand in an employer/employee relationship; the latter rendered services for and were paid by the subcontractor. *Id.* at 634–35. The court noted that other provisions of the statute imposed a secondary liability on a general contractor to secure payment of workers' compensation when a subcontractor has not secured payment, and that in such circumstances—to prevent double recovery by an employee—it made sense to deem the general contractor constructively an "employer" of the subcontractor's employees for purposes of the immunity provision. *Id.* at 634. The court held, however, that resort to this "legal fiction" is appropriate "only when the actual employer—the subcontractor—defaults on its statutory obligation, and the general contractor steps in to secure payment," *id.* (emphasis in *Meiggs* )—an eventuality not present in *Meiggs.*

Although *Meiggs* affirmed that in particular circumstances (not present there) a general contractor providing workers' compensation for an employee of a subcontractor may be immune from tort liability, that principle has no relevance to whether Maryland or District of Columbia law applies in this case in determining whether Hsu Construction Company was shielded from suit by maintaining workers' compensation coverage for subcontractors like Paul T. Moore. We therefore turn to that choice of law question. We readily conclude that the parties were correct below in agreeing that the Maryland's Workers' Compensation Act must be looked to for the answer.[2]

### III.

"[W]e ... use our own choice-of-law principles to determine the law to be applied in an action filed in our courts, over which we indisputably have jurisdiction." *Kaiser-*

*Georgetown Community v. Stutsman,* 491 A.2d 502, 507 (D.C.1985). Assuming a set of facts—as here—"giving rise to a lawsuit [that] justif[ies], in constitutional terms, application of the law of more than one jurisdiction," *id.* (citation and internal quotation marks omitted), this court employs a modified "governmental interests analysis" which seeks to identify the jurisdiction with the "most significant relationship" to the dispute. *Hercules & Co. v. Shama Restaurant,* 566 A.2d 31, 40–41 (D.C.1989). We must "evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review." *Id.* at 41, *quoting Stutsman, supra,* 491 A.2d at 509.

As explained above, both Hsu Construction Company and Paul T. Moore, Inc. are Maryland corporations having their principal place of business in Maryland. The parties also do not dispute that the contract of hire was entered into in Maryland. Maryland's workers' compensation law permits an officer of a close corporation to reject coverage as an employee—and hence escape the statute's exclusive remedy provision—on the notice conditions described above. The District has no such provision for exemption from coverage. *See* D.C.Code § 36–301(9) (1988) (defining "employee"). If the District's workers' compensation law were applied, undoubtedly the policy embodied in the exclusivity provision of its workers' compensation law, *id.,* § 36–304, would be advanced in a general way. Maryland, however, has expressed a specific interest in allowing officers of certain kinds of corporations to reject both the benefits and burdens of coverage as an employee under its workers' compensation scheme in favor of traditional tort remedies. As applied to corporations chartered by Maryland and residing in that state, clearly that interest is paramount to the District's general interest in enforcing the exclusivity of its compensation remedy. To effectuate the District's

---

2. Appellee, in reliance on the trial court's decision to apply the District's workers' compensa- tion law, has retreated somewhat from its position below, *i.e.,* that the Maryland Act applies.

interest, we need not hold that a Maryland subcontractor injured while performing work for a Maryland contractor forfeits the remedy it has elected merely because of the fortuity of injury in the District of Columbia.

In short, because Maryland's "interest in this litigation is substantial," and "application of District law would frustrate a clearly articulated public policy of that state," *Stutsman, supra,* 491 A.2d at 509, we conclude that Maryland's compensation law must govern whether appellants were entitled to sue appellee for personal injury.

#### IV.

■ As the parties agreed below, the only material issue is whether Paul T. Moore, Inc. properly exercised the election permitted its officers by Maryland law. We may resolve that issue in Moore's favor, as a matter of law, only if the facts viewed most favorably to Hsu Construction permit but one reasonable conclusion as to the correct answer. *See District of Columbia v. Cooper,* 445 A.2d 652, 655 (D.C. 1982) (en banc).[3] We conclude the record supports no other position than that the Moores properly made the election and hence were not statutory employees of Hsu Construction limited to the remedy of workers' compensation.

On appeal Hsu Construction no longer contends that the Moores failed to give written notice to the Maryland Workers' Compensation Commission of their election not to be "employees".[4] Nor does it contend that they failed to notify Paul T. Moore, Inc.'s insurance company. Rather, appellee's sole argument is that the statutory phrase "shall serve upon the employer's insurance carrier," MD. CODE ANN. art. 101, § 67(4)(ii), required Moore to notify *Hsu Construction's* insurer of the election in order to escape coverage as a statutory employee in relation to Hsu. This argument has no merit. An "employer" under art. 101, § 67(2) includes a "corporation", and under § 67(4)(ii) "[a]ny officer of a close corporation ... may elect to become exempt from coverage as an employee" if "the employer shall serve upon the employer's insurance carrier" written notice of the election. The obvious import of this language is that the employer-corporation must notify its *own* insurer of the election, and that the duty is a one-time obligation. The words cannot rationally be read to mean that a subcontractor must give notice of the election to the insurance carrier of every employer with whom it contracts before it can claim exemption from coverage as an employee.[5]

#### V.

The grant of summary judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

*So ordered.*

---

3. Since we are reversing a grant of summary judgment in favor of Hsu Construction, ordinarily we would remand to the trial court for further proceedings on the issue of whether the Moores satisfied Maryland's exemption provision. Hsu Construction has not argued, however, that if we decide as a matter of law that Maryland law applies, a remand is necessary for further factual development on the issue of exemption. Its position on this question, as will become apparent in the text, is one strictly of statutory interpretation.

4. In its brief Hsu Construction adverted to the affidavit of its counsel below asserting that the Maryland Workers' Compensation Commission had never received notice of the election from Moore, but this claim was abandoned at oral argument.

5. Presumably, if the general contractor desires to confirm whether its subcontractor has made that election, it can check with the Workers' Compensation Commission, to whom the officer of the close corporation must previously have given written notice.