**DOMINION CAISSON CORPORATION, Appellant,**

v.

**Timothy CLARK, Appellee.**

**No. 91–CV–104.**

District of Columbia Court of Appeals.

Argued Sept. 15, 1992.

Decided Oct. 9, 1992.

Francis J. Prior, Jr., Fairfax, Va., for appellant.

Michelle A. Parfitt, Washington, D.C., for appellee.

Before TERRY, SCHWELB and FARRELL, Associate Judges.

FARRELL, Associate Judge:

This case presents a choice of law question arising from an accident on a construction site in the District of Columbia. Appellee Timothy Clark filed for and was awarded workers' compensation benefits in the Commonwealth of Virginia. The benefits were paid by his immediate employer, Buddy Clark Concrete. Appellee then filed suit in the District of Columbia against a subcontractor on the construction site, Do-

---

minion Caisson Corporation (appellant here), and the general contractor, Erin Construction, Inc., alleging that their negligence at the site caused his injuries. Dominion Caisson moved for summary judgment, pointing out that under Virginia law Erin Construction was Timothy Clark's "statutory employer," and that as Dominion Caisson was engaged in the same business, occupation and trade as Erin Construction at the time of the accident, Virginia law immunized it from common law suit for damages. Dominion Caisson then argued that Virginia law should apply to this case because the District of Columbia's sole connection with the action was that "it was the mere fortuitous location of the accident in question." The trial judge denied summary judgment, concluding that District of Columbia law applied to the suit and that District law erects no barrier to a suit against third parties such as Dominion Caisson and Erin Construction. The judge denied Dominion Caisson's motion for reconsideration, but permitted it to file an interlocutory appeal under D.C.Code § 11–721(d) (1989); this court granted Dominion leave to appeal on April 19, 1991.[1] We now affirm.

### I.

The general contractor on the site of the injury was Erin Construction, a Virginia corporation with its principal place of business in Virginia.[2] Appellant Dominion Caisson, also a Virginia corporation with its principal place of business in Virginia, was acting as a subcontractor to Erin Construction at the site. Appellee Timothy Clark, a Virginia resident, was a direct employee of Buddy Clark Concrete, which was a subcontractor to First Choice Concrete, Inc.; First Choice Concrete, in turn, was a sub-

contractor to Erin Construction. It does not appear disputed that all of the contracts for employment were entered into in Virginia.

After appellee was injured, he was paid workers' compensation under Virginia law by his direct employer, Buddy Clark Concrete.[3] Under Virginia law, all of the named employers—including Dominion Caisson—were protected from suit for damages by Timothy Clark by virtue of the "canopy" of Erin Construction's status as Clark's statutory employer, since all were engaged at the time in work that was part of the trade, business or occupation of Erin Construction. *E.g., Smith v. Horn,* 232 Va. 302, 351 S.E.2d 14 (1986); *Anderson v. Thorington Construction Co.,* 201 Va. 266, 110 S.E.2d 396 (1959), *appeal dismissed,* 363 U.S. 719, 80 S.Ct. 1596, 4 L.Ed.2d 1521 (1960). Specifically, Virginia's concept of statutory employer

> bring[s] within the operation of the [Virginia] Compensation Act all persons engaged in any work that is a part of the trade, business or occupation of the original party who undertakes as owner, or contracts as contractor, to perform that work, and ... makes[s] liable to every employee engaged in that work every such owner, or contractor and subcontractor, above such employee.

*Bassett Furniture Indus. v. McReynolds,* 216 Va. 897, 224 S.E.2d 323, 326 (1976). *See* VA.CODE ANN. § 65.2–302 (Michie 1991).[4] In return, however, the exclusivity provision of Virginia's compensation law bars an injured employee from suing for damages any subcontractor performing the trade or business of the owner or general contractor at the time of injury. *Smith v. Horn,* 351 S.E.2d at 16; *Anderson v. Thor-*

---

1. Erin Construction had also moved for summary judgment, but it elected not to appeal the trial court's order and is therefore not a party to this appeal.

2. Most of the following factual statement is taken from Dominion Caisson's Statement of Material Facts Not Genuinely in Dispute, filed with its summary judgment motion. As appellee did not dispute these facts, they are taken as conceded. Super.Ct.Civ.R. 12–I(k).

3. Appellee asserts in his brief, and appellant does not dispute, that Buddy Clark Concrete did not have insurance coverage in the District of Columbia.

4. Neither party disputes that both Dominion Caisson and Timothy Clark were engaged in the "trade, business or occupation" of Erin Construction at the time of the accident, as required by Virginia law.

*ington Construction Co.,* 110 S.E.2d at 399–400. "If the defendant was engaged in work which was part of the undertaking of the owner or general contractor, regardless of his relationship to the injured workman and his immediate employer," Virginia law "operate[s] to place the economic loss upon the project and to limit the workman's recovery to that specified in the [Compensation] Act." *Bergen v. Fourth Skyline Corp.,* 501 F.2d 1174, 1175–76 (4th Cir. 1974). Therefore, if Virginia's workers' compensation law governs this case, Timothy Clark's suit against Dominion Caisson for negligence was barred.

■ In his suit in Superior Court, however, appellee maintained—and the trial judge agreed—that District of Columbia law applied to this case. Unlike Virginia, the District's workers' compensation scheme has no statutory employer provision extending liability (and corresponding tort immunity) up the ladder of subcontractors to the owner or general contractor. Under the District's scheme, an "employer" is only the entity with whom the employee is in a direct employment relationship. D.C.Code § 36–301(10) (1988).[5] Thus, although the District's scheme also contains an exclusivity provision, D.C.Code § 36–304, it bars common law suits only against the injured employee's immediate employer and allows suits against all others as third parties. *See Meiggs v. Associated Builders, Inc.,* 545 A.2d 631 (D.C.1988), *cert. denied,* 490 U.S. 1116, 109 S.Ct. 3178, 104 L.Ed.2d 1040 (1989).[6] In concluding that District of Columbia law should apply here, the trial judge relied on this court's explanation in *Meiggs* of the legislative decision generally to bar suits only against an employee's immediate employer. Echoing that discussion, the judge reasoned that "the District of Columbia has an overriding interest in holding corporations liable to the

full extent of the law in negligence actions arising out of employment in the District and in protecting members of the work force who are injured in the performance of their duties in the District."

## II.

■ The question on appeal is thus one of choice of law, an issue concerning which we apply District of Columbia choice of law rules. *Kaiser–Georgetown Community Health Plan v. Stutsman,* 491 A.2d 502, 507 (D.C.1989). As we stated in *Moore v. Ronald Hsu Constr. Co.,* 576 A.2d 734 (D.C.1990), to decide such questions

> this court employs a modified governmental interests analysis which seeks to identify the jurisdiction with the most significant relationship to the dispute. We must evaluate the governmental policies underlying the applicable laws and determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review.

*Id.* at 737 (internal citations and quotation marks omitted). Dominion contends that Virginia's public policy "as expressed in [its] statutory employer law" would be unnecessarily frustrated by allowing suit in this case, which involves Virginia employers and a Virginia employee, based solely upon the occurrence of the alleged tort and injury in the District of Columbia. Appellee counters that the District has a strong interest in deterring preventable accidents and in protecting the rights of employees engaged in work in the District of Columbia, an interest paramount to Virginia's stake in restricting liability of subcontractors such as Dominion Caisson not obliged to insure the particular plaintiff, and with respect to accidents occurring outside of

---

5. " 'Employer' includes any individual, firm, association, or corporation ... using the service of another for pay within the District of Columbia." D.C.Code § 36–301(10).

6. The only exception to this rule arises from the "secondary liability [of a general contractor] to secure payment of workers' compensation when a subcontractor has not secured payment."

*Meiggs,* 545 A.2d at 634; D.C.Code § 36–303(c). A general contractor may be "deemed" the employer of a person who is not its employee, hence immune from suit, "*only* when the actual employer—the subcontractor—defaults on its statutory obligation, and the general contractor steps in to secure payment." 545 A.2d at 634 (emphasis in original).

Virginia. We think appellee has the better of the argument.

Appellant's argument would be stronger, perhaps unassailable, if Dominion Caisson were Timothy Clark's employer or statutory employer under Virginia law. In that event it would perhaps be enough to cite the result and that part of the reasoning in *Jonathan Woodner Co. v. Mather,* 93 U.S.App.D.C. 234, 210 F.2d 868, *cert. denied,* 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650 (1954), which discussed a similar choice of law between the District's compensation statute and Maryland's broader grant of employer immunity resulting from its statutory employer provision. The defendant-employer "was required by the law of the state [Maryland] where the work was done and where the injury occurred to provide compensation insurance" for the plaintiff. *Id.* 93 U.S.App.D.C. at 239, 210 F.2d at 873. Accordingly, the court stated:

> [t]he employer has incurred the burden of providing workmen's compensation insurance. The employee has foregone his right to sue the employer for negligence. But both have also gained. The employer has gained an immunity from common law suit. The employee has gained a right to relief even where his injury did not arise through the fault of his employer. The courts clearly consider that this system of mutual give and take would be upset if the employee could sue for negligence in another jurisdiction.... Both employee and principal contractor are in some ways damaged and in other ways benefited by the Maryland Act. If the employee were allowed to sue for damages in another jurisdiction, in cases where the Maryland Act could apply, this balance would be upset.

*Id.* at 239–40, 210 F.2d at 873–74 (footnote omitted). *See also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 184 (1971); 4 LARSON, THE LAW OF WORKMEN'S COMPENSATION § 88.11 (1990).

But here Dominion Caisson was not appellee's employer or statutory employer and hence not obliged to provide workers' compensation insurance for him. *See* VA. CODE ANN. § 65.2–302; *Bassett Furniture Indus., supra.* The *quid pro quo* ex-plained in *Jonathan Woodner* is therefore not implicated, and appellant is forced to assert what the Virginia courts have termed the "larger dimensions" of that state's particular exchange of immunity for workers' compensation coverage:

> It is a societal exchange, benefitting all employers and all employees who stand together under the canopy of the Compensation Act. Its effect is to guarantee compensation to all injured workers under the canopy and to bar common-law suit against all employers also thereunder. As long as the injured worker has recourse to compensation from his own employer, or a statutory employer, he has the benefit of the *quid pro quo* upon which the compensation scheme is based, and *it is immaterial whether he would have been entitled to claim compensation from other employers who are also under the canopy of the Act.*

*Whalen v. Dean Steel Erection Co.,* 229 Va. 164, 327 S.E.2d 102, 106 (emphasis added), *appeal dismissed,* 474 U.S. 802, 106 S.Ct. 33, 88 L.Ed.2d 26 (1985). The question thus boils down to whether the interest embodied in this scheme, as applied to a third-party contractor from whom appellee "would [not] have been entitled to claim compensation" in Virginia or the District of Columbia, outweighs the District's interest in preserving the right to sue for negligence of persons injured in District accidents. A combination of two reasons requires us to answer that question in the negative.

First, *Meiggs v. Associated Builders, supra,* though not a choice of law case, *see Moore v. Hsu Constr. Co.,* 576 A.2d at 736, all but decided the question in explaining this court's refusal to "constructively deem" a general contractor a statutory employer of the employee of a subcontractor except when the latter defaults and the contractor has had to "step[ ] in and secure payment," *Meiggs,* 545 A.2d at 634:

> [This] conclusion is ... consistent with the philosophy underlying workers' compensation schemes. That philosophy has commonly been described as a *quid pro quo* on both sides: in return for the

purchase of insurance against job-related injuries, the employer receives tort immunity; in return for giving up the right to sue the employer, the employee receives swift and sure benefits. Interpretation of the 1979 Act to confer immunity on general contractors would transform the underlying philosophy of workers' compensation into a *duo quidem pro sole unum quo*. The employee would be required to give up at least two immunities—one to the general contractor and one to the subcontractor—for the price of one. The bargain becomes more unattractive with every "sub" prefixed to the word "contractor." Employees unfortunate enough to be employed by a sub-sub-sub-subcontractor find that, in addition to the employer, four possibly negligent actors are immune from liability. *Id.* at 637. Thus we have plainly declined to read the District's compensation law as barring common law suit against *all* employer-contractors "under the canopy," *Whalen*, 327 S.E.2d at 106, of the workers' compensation act; the "societal exchange" reflected in the District's statute is considerably narrower than in Virginia's. In *Meiggs* we went on to state that the District's general preservation of the tort remedy against a third party is "not an accidental feature of the legislation. It reflects a conscious legislative policy to permit an employee to pursue his full common law remedy when the employee believes that the negligence of a third person caused his injury." *Meiggs*, 545 A.2d at 638. That legislative policy would be defeated if a third-party contractor like Dominion Caisson, not required to secure workers' compensation coverage for appellee, could escape common law liability with respect to an accident and injury occurring in the District of Columbia.

The last phrase is an important qualifier of our decision. The parties here either reside or are incorporated in Virginia; and appellee was hired in Virginia and received workers' compensation through his immediate employer there. These are not insignificant contacts. Nevertheless, "as the site ... of the relevant conduct and all the injury, the District has a strong interest in deterring conduct of [the] kind [alleged here]." *Biscoe v. Arlington County*, 238 U.S.App.D.C. 206, 215, 738 F.2d 1352, 1361 (1984) (applying District of Columbia choice of law principles to alleged negligence by Arlington County police resulting in accident and injury in the District), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985). *See also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 comment d (1971) ("The state where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character. Similarly, the state where the injury occurs will, usually at least, have the dominant interest in determining whether the interest affected is entitled to legal protection"); *Carroll v. Lanza*, 349 U.S. 408, 413, 75 S.Ct. 804, 807, 99 L.Ed. 1183 (1955) ("The State where the tort occurs certainly has a concern in the problems following in the wake of the injury. The problems of medical care and of possible dependents are among these...."). In *Biscoe* the court also noted its previous recognition of "the special and largely unique interest of the District in protecting persons who live in the surrounding suburbs and work in the District." 238 U.S.App.D.C. at 215, 738 F.2d at 1361 (citing *Gaither v. Myers*, 131 U.S.App.D.C. 216, 223, 404 F.2d 216, 223 (1968)); *cf. Dunkwu v. Neville*, 575 A.2d 293, 296 (D.C.1990) (*forum non conveniens* case discussing related choice of law considerations and ordering dismissal of District suit where, *inter alia*, suit "[arose] strictly from events in Virginia"); *Kaiser Found. Health Plan v. Rose*, 583 A.2d 156 (D.C.1990) (same).

Indeed, there is some doubt whether this case even presents a true conflict of laws since it is unclear whether Virginia would apply its workers' compensation statute, including the exclusivity provision, to an *out of state* accident involving a contractor not required to provide insurance for the plaintiff-employee. *See Kelly v. Guyon Gen. Piping*, 882 F.2d 108, n. 1 (4th Cir. 1989) ("[I]n resolving a choice of law issue involving workers' compensation, 'the law of Virginia controls for [an] accident *which*

*occurred in Virginia ...' "* (emphasis in original)) (quoting Garcia v. Pittsylvania County Serv. Auth., *845 F.2d 465, 467 (4th Cir.1988)).* Lex loci *considerations thus buttress our decision in this case.*[7]

In arguing that the Virginia contacts outweigh the "fortuity" of the accident occurring in the District, appellant relies on *Moore v. Hsu Constr. Co., supra.* That reliance is mistaken. In *Moore* we *upheld* suit in Superior Court against a Maryland general contractor by an owner-employee of a Maryland close corporation, a subcontractor who was injured on the job in the District but had previously "opted out" of insurance coverage as an employee under Maryland's workers' compensation law. We applied Maryland law permitting the suit because of the "specific interest" Maryland could claim in enforcing its statutory opt-out provision, 576 A.2d at 737—an interest embodying the traditional *quid pro quo* exchange of the common law remedy for workers' compensation protection. Against that interest we said the District could assert only its "general interest" in enforcing its workers' compensation laws. *Id.* Thus, the present case is the inverse of *Moore.* Here it is only a "general interest," and an attenuated one, that supports application of Virginia's law so as to bar this suit: extension of the broad "canopy" of its statutory employer immunity to an accident occurring outside Virginia and to a contractor not required to insure this particular employee. For the reasons stated, we hold that the District's more specific interest embodied in its statute permitting suit against all other persons than the immediate employer must prevail.

The order of the Superior Court is

*Affirmed.*

---

**7.** We reject appellant's reliance on D.C.Code § 36–303(a)(3) as supporting application of Virginia's exclusivity provision to the facts of this case. The "employer" referred to in that section is the employer as defined in § 36–301(10), which would not include appellant.