Delores CRUZ, Appellant,

v.

Vaughnetta PAIGE, Appellee.

No. 95–CV–1220.

District of Columbia Court of Appeals.

Submitted Oct. 10, 1996.
Decided Oct. 31, 1996.

John K. Burkhardt, Baltimore, MD, was on the brief, for appellant.

Hugh E. Donovan, Silver Spring, MD, was on the brief, for appellee.

Before FARRELL and KING, Associate Judges, and PRYOR, Senior Judge.

FARRELL, Associate Judge:

Appellant Cruz sued Paige, the driver of an automobile in which Cruz was a passenger, for negligence following an accident in Northwest Washington in which Cruz was injured. Cruz also sued Scruples, Inc., the employer of both Cruz and Paige, on grounds of *respondeat superior*. The accident occurred while both occupants of the car were in the course of their employment.

Cruz, a Maryland resident, sought and received benefits under the Maryland Workers' Compensation Act for her injuries. In her suit against Paige in Superior Court, Cruz asserted that Maryland law permits an injured employee receiving workers' compensation benefits under its law to bring an action in tort against a co-employee, and that District law likewise does not bar the suit. The trial court granted summary judgment in favor of both Paige and Scruples, Inc. Cruz has appealed only the judgment in favor of Paige. We affirm the judgment.

The trial court ruled that District of Columbia law governs this suit, since Cruz's employer is located in the District and the accident occurred here. Cruz does not contest that ruling. *See, e.g., Dominion Caisson Corp. v. Clark,* 614 A.2d 529 (D.C.1992) (applying the law of the situs of the injury in a choice of law worker's compensation case). Instead, Cruz takes issue with the trial court's conclusion that D.C.Code § 36–304(b) (1993) bars this suit. That statute provides in relevant part:

> The compensation to which an employee is entitled under this chapter shall constitute the employee's exclusive remedy against the employer, or any ... employee ... of such employer ... (while acting within the scope of his [or her] employment)....

Emphasizing the words "under this chapter," Cruz argues that since she received benefits in Maryland, not the District, the statute does not prevent her suit. Paige counters that Cruz underscores the wrong words. The exclusive remedy provision applies to compensation "to which an employee is *entitled* under this chapter" (emphasis added), and, Paige asserts, Cruz was entitled to compensation under D.C.Code § 36–303(a)(1) since the injury occurred while she was at work in the District.[1] Cruz in turn replies that while she may have been entitled to compensation under § 36–303(a)(1) originally, she lost that entitlement when she applied for and received Maryland benefits. *See* D.C.Code § 36–303(a–1) ("No employee shall receive compensation under this chapter and at any time receive compensation under the workers' compensation law of any other state for the same injury or death").

Cruz's effort to use her Maryland benefits as a shield against the preclusive effect of § 36–304(b) is unavailing. The "entitle[ment]" to which that section refers is entitlement upon the occurrence of an injury, *i.e.,* at the time of injury. It is that automatic liability for which the employer must purchase insurance. *See, e.g.,* § 36–303(a)(1) & (2) (requiring coverage based on whether or not, "at the time of the injury or death," work was being performed in the District or employment was principally localized in the

---

1. Section 36–303(a)(1) ("Coverage") provides in part:

   (a) Except as provided in subsections (a–1) through (a–3) of this section, this chapter shall apply to:

   (1) The injury or death of an employee that occurs in the District of Columbia if the employee performed work for the employer, at the time of the injury or death, while in the District of Columbia....

District). In return for thus "secur[ing] payment of compensation," the employer obtains the *"quid pro quo "* of the exclusive remedy provision. Section 36–304(b); *Meiggs v. Associated Builders, Inc.*, 545 A.2d 631, 637 (D.C.1988), *cert. denied*, 490 U.S. 1116, 109 S.Ct. 3178, 104 L.Ed.2d 1040 (1989).[2] Cruz's interpretation of the statute, by contrast, while preserving the employer's obligation to insure, would eliminate the exclusive remedy bar if the employee manages to obtain workers' compensation benefits anywhere other than "under this chapter." Cruz has abandoned her suit against the employer, but her reading of the statute would nonetheless permit it even though the employer has performed its "statutory obligation," *id.* at 634, to insure coverage. The unreasonableness of that interpretation persuades us that Cruz's entitlement to compensation under District law at the time of the accident bars her suit "against the employer or any . . . employee . . . of such employer." § 36–304(b).

*Affirmed.*

2. On the other hand, if the employer "fails to secure payment of compensation as required by this chapter," section 36–304 gives an injured employee the choice between claiming compensation under the chapter and maintaining an action at law for damages.