Antoinette HICKS and Eddie
Hicks, Appellants,

v.

ALLEGHENY EAST CONFERENCE
ASSOCIATION OF SEVENTH–DAY
ADVENTISTS, INC., Appellee.

No. 96–CV–1902.

District of Columbia Court of Appeals.

Submitted April 16, 1998.

Decided June 11, 1998.

Kay A. Ogilvie and Mahshar Ghazanfari,
Columbia, MD, were on the brief for appel-
lants.

Lauri E. Cleary and Stanley J. Reed,
Bethesda, MD, were on the brief for appel-
lee.

Before SCHWELB and KING, Associate
Judges, and MACK, Senior Judge.

PER CURIAM.

Antoinette Hicks, a teacher at a private
school[1] in the District, was injured during an
altercation with a student and she later re-
ceived workers' compensation benefits for
those injuries. As sanctions for their con-
duct leading to the altercation, the school
expelled the student and placed Hicks on
probation. Objecting to this sanction, Hicks
invoked the grievance remedies available to
her pursuant to her employment contract
with the Conference. When the grievance
remained unresolved more than ten months
later, a delay which Hicks claims was due to
the tactics employed by the Conference,
counsel for Hicks informed the Conference
that a civil action would be filed unless the

1. The school, Dupont Park Adventist School, is
owned and operated by appellee, Allegheny East
Conference Association of Seventh-day Adven-
tists (the Conference).

grievance proceeding was promptly concluded.

Subsequently Hicks, and her husband, filed an action against the student and the student's guardian, seeking damages for assault, battery, intentional infliction of emotional distress, loss of consortium, and negligent supervision of the student by his guardian. The Conference was also included as a defendant in the intentional infliction of emotional distress count. In addition, in a count against the Conference labeled Tortious Breach of Implied Covenant of Good Faith and Fair Dealing, Hicks sought, as the only relief, an injunction directing the Conference to continue the grievance process.[2]

In a motion to dismiss, or in the alternative for summary judgment, the Conference argued: (1) that the entire action was barred because Hicks had received workers' compensation benefits; (2) the intentional infliction of emotional distress claim was legally insufficient; and (3) the action seeking enforcement of the contract provision relating to the grievance procedure was barred because Hicks herself had breached the contract.[3] The trial court granted the motion, ruling that all claims against the Conference were barred because Hicks had received workers' compensation benefits. In this appeal, Hicks only challenges the trial court's ruling on the count claiming a breach of the grievance provision of the employment contract in which she sought injunctive relief. Because the subject matter of that count and the relief sought are not related to workers' compensation, and because the trial court did not consider the alternative argument advanced by the Conference challenging that count, we reverse and remand.

■■■■■ It is undisputed that when an employee is injured or killed in the course of employment, the workers' compensation remedy is the exclusive remedy available to the employee.[4] In short, workers' compensation is a substitute for any liability of the employer to an employee who otherwise would be entitled "to recover damages from such employer at law on account of [an] injury or death" suffered by the employee. D.C.Code § 36–304(a); *Dominion Caisson Corp. v. Clark,* 614 A.2d 529, 531 (D.C.1992). The claim now being pressed, however, seeks only injunctive relief for breach of a provision in the employment contract. This is a claim that sounds in equity. Thus, the remaining count is not an action, in the language of the workers' compensation statute, seeking "to recover damages ... *at law* " (emphasis added).[5] *See McQueen v. Lustine Realty Co.,* 547 A.2d 172, 176–77 (D.C.1988) (en banc) (an injunction is an equitable remedy commanding a party to do or refrain from doing some specified act); *Kudon v. f.m.e. Corp.,* 547 A.2d 976, 978 (D.C.1988) (significant factor in determining whether an action is at law or in equity is the nature of the relief sought rather than the character of the overall action) (quoting *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)); *see also Baltimore Transit Co. v. Harroll,* 217 Md. 169, 141 A.2d 912, 914 (1958) (employer is liable in an action at law for benefits it has contracted to provide which are in excess of compensation required by workers' compensation statute). Therefore, Hicks is not precluded, by the Workers' Compensation Act, from seeking injunctive relief to enforce the provisions of her employment contract.

Although the Conference does rely here on the Workers' Compensation Act as a ground in support of the trial court's grant of the motion to dismiss, that argument is not seriously pressed. Instead the Conference's main argument is that Hicks is not entitled to relief because she breached the employment contract herself. That argument was presented in the Conference's motion to dismiss, but the trial court did not consider it. Because there are unresolved factual ques-

---

2. Hicks also included a count labeled an "Action in the Nature of Mandamus" seeking the same relief.

3. The Conference also argued that the action in the nature of mandamus does not lie to enforce a private contract.

4. D.C.Code §§ 36–301 to –345 (1997) (Workers' Compensation Act).

5. D.C.Code § 36–304(a).

tions[6] with respect to that argument, we cannot decide the issue on this record. Accordingly, we reverse the order of the court and remand for further proceedings.

*So ordered.*

---

**6.** For example, Hicks claims that the Conference itself breached the contract by not participating in the grievance proceeding. She therefore argues that any breach by her was precipitated by the Conference's breach. These are factual questions that must be resolved in the trial court.

