Michael McGREGOR, Appellant,

v.

John GRIMES, Appellee.

No. 03–CV–793.

District of Columbia Court of Appeals.

Argued Nov. 19, 2004.

Decided Oct. 13, 2005.

Stephan D. Karr, for appellant.

Paul V. Crawford, for appellee.

Before FARRELL and REID, Associate Judges, and STEADMAN, Senior Judge.

STEADMAN, Senior Judge:

Appellant Michael McGregor was injured in a workplace accident involving a motor vehicle that was allegedly caused by the negligence of his fellow employee, appellee John Grimes, the driver of the motor vehicle. Their mutual employer, Solitaire Masonry, was a Maryland corporation,[1] but the accident itself occurred in the District of Columbia. McGregor received compensation under the Maryland Workers' Compensation Act ("Maryland WCA"). He then brought suit in the District of Columbia against Grimes. The trial court granted summary judgment in favor of Grimes. We affirm.

Under the District of Columbia Workers Compensation Act ("DCWCA"), the exclusivity provision generally bars a law suit by an injured employee against a fellow employee (as well as the employer). D.C.Code § 32–1504(b) (2001) ("Exclusiveness of liability and remedy").[2] The issue in this appeal is whether that same bar applies in the circumstances here, where the injured employee received compensation under the Maryland WCA, which permits suits against fellow employees. *See*

---

1. Appellant thus describes his employer. Appellee indicates that the employer was a sole proprietor, Timothy A. Hawes, doing business as Solitaire Masonry. Nothing relative to this appeals turns on the difference. See note 4, *infra*.

2. The DCWCA is contained in title 32 of the D.C.Code, §§ 1501–1545 (2001). Only section references will be used hereafter in this opinion.

*Hastings v. Mechalske,* 336 Md. 663, 650 A.2d 274, 279 (1994).

*Cruz v. Paige,* 683 A.2d 1121 (D.C.1996), involved facts very similar to those in the instant appeal. There, an employee injured in a workplace accident in the District received payments under the Maryland WCA and then brought suit in the District against her fellow employee, the driver of the motor vehicle that caused her injury. We held that she was "entitled" to compensation under the DCWCA at the time of the injury and that the exclusivity provision could not be abrogated simply because the injured employee "manages to obtain workers' compensation benefits anywhere other than 'under this chapter.'" 683 A.2d at 1123. The case before us differs from *Cruz,* however, in that the employer in *Cruz* was located in the District and carried insurance under the DCWCA. In our case, the employer, a Maryland corporation, had Maryland WCA insurance coverage but did not carry insurance under the DCWCA

When a workplace injury occurs in the District, the DCWCA by its sweeping terms of coverage almost always applies in its entirety. § 1503(a) ("Coverage"). A narrow exception excuses a requirement of District insurance coverage where both the employer and the employee have limited contacts with the District and the employer has furnished insurance under the WCA of another jurisdiction. § 1503(a–3).[3] McGregor asserts that it is unclear wheth-er the case falls within that exception[4] and that summary judgment was thus improperly granted. Such a factual dispute would be material, however, only if it is determinative of the question whether McGregor's fellow employee, appellee Grimes, is subject to suit in the District.

■ Therefore our mode of analysis proceeds as follows. In part A, we assume the exception does not apply. We examine the provisions of the exclusivity provision, § 1504(b), to determine whether in the particular circumstances here, that provision bars this lawsuit against a fellow employee and conclude that it does. Then, in part B, we assume that the exception contained in § 1503(a–3) does apply. We examine the precise wording of the exception and its interrelation with his case and conclude that even if the exception applies, this law suit against a fellow employee is barred. Thus, under either version of the facts, McGregor's suit is barred and summary judgment was properly granted.

**A.**

The District's exclusive liability provision is set forth in § 1504(b), which provides as follows (emphasis added):

> The compensation to which an employee is *entitled under this chapter* shall constitute the employee's *exclusive remedy against* the employer, or any collective-bargaining agent of the employer's employees and *any employee,*

---

3. The coverage of the Maryland WCA extends to injuries to an employee while working outside of the state "on a casual, incidental, or occasional basis if the employer regularly employs the individual within [Maryland]." MD. CODE ANN., LAB. & EMPL. § 9–203(a)(2) (1999). Although the record is not clear, apparently McGregor was thought to fall within this provision in receiving compensation under the Maryland WCA.

4. Specifically, McGregor references the requirements that the contract of hire be entered into in Maryland and that he be temporarily or intermittently within the District doing work for his employer. (He does not challenge the fulfilment of the nonresidency requirement.) Grimes asserts that this asserted factual dispute was not raised by McGregor before the trial court in a timely fashion or in a proper manner. We need not address that argument.

officer, director, or agent of such employer, insurer, or collective-bargaining agent (while acting within the scope of his employment) for any illness, injury, or death arising out of and in the course of his employment; *provided,* that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

In barring suits against fellow employees, the District is in accord with the law of the great majority of jurisdictions. See 6 LARSON'S WORKERS' COMPENSATION LAW § 111.03[1] (2005). Maryland is one of a handful of jurisdictions that permit such suits against negligent fellow employees. 6 LARSON, *supra,* at § 111.02[1].

The question then becomes whether McGregor was "entitled" to compensation under the DCWCA. That coverage is spelled out in the preceding "coverage" section, § 1503(a), which reads as follows:

(a) Except as provided in subsections (a–1) through (a–3) of this section, this chapter shall apply to:

(1) The injury or death of an employee that occurs in the District of Columbia if the employee performed work for the employer, at the time of the injury or death, while in the District of Columbia; and

(2) The injury or death of an employee that occurs outside of the District of Columbia if, at the time of the injury or death, the employment is localized principally in the District of Columbia.

(a–1) No employee shall receive compensation under this chapter and at any time receive compensation under the workers' compensation law of any other state for the same injury or death.

(a–2) This chapter shall not apply if the employee injured or killed was a casual employee except that for the purposes of this chapter, casual, occasional, or incidental employment outside of the District of Columbia by a District of Columbia employer of an employee regularly employed by the employer within the District of Columbia shall be construed to be employment within the District of Columbia.

(a–3) An employee and his employer who are not residents of the District of Columbia and whose contract of hire is entered into in another state shall be exempted from the provisions of this chapter while such employee is temporarily or intermittently within the District of Columbia doing work for such nonresident employer, if such employer has furnished workers' compensation insurance coverage under the workers' compensation or similar laws of such other state, so as to cover such employee's employment while in the District of Columbia. The benefits under this chapter or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in the District of Columbia.

As already noted, the structure of coverage is sweeping and encompasses McGregor's injury that occurred in the District unless the exception of § 1503(a–3) ap-

plies.[5] Since, as *Cruz* holds, the entitlement is measured at the time of injury, 683 A.2d at 1122, McGregor would be "entitled" to compensation at that point and come within the limitations of § 1504(b).

■ It is argued, however, that the "provided" clause of § 1504(b) opens the door to such a suit if no exception applies and yet the employer has failed to provide for DCWCA insurance; that is, McGregor should then have the option to "maintain an action at law for damages on account of such injury or death." But it appears from the immediately following sentence that this option aims at suits against the defaulting employer. At least the first and probably the second of those defenses would only be relevant to a suit against the employer. Furthermore, we are hard put to see any reason why the legislature would intend to bar a fellow employee from employing those normal defenses otherwise available to him or her in an action at law simply because the employer failed to comply with the requirements of the DCWCA. We thus conclude that where, as here, an injured employee receives WCA compensation under the law of another jurisdiction[6] and, as far as the record here shows, the defaulting employer is open to any liability it may be subject to for its lapse, the provisions of § 1504(b) operate to bar a suit by the injured employee against a fellow employee.

### B.

We turn then to the question whether a different outcome would ensue if the exception in § 1503(a–3) applies here and the employer was thus excused from providing for insurance under the DCWCA. The critical issue of statutory interpretation is the effect of the phrase in (a–3) that the employee and the employer "shall be exempted from the provisions of this chapter." If that phrase makes inapplicable the entire DCWCA, then § 1504(b) has no application by its own terms and Grimes would have to look further for immunity from suit. However, the legislature knew full well what language to use had it intended such a blanket outcome, for in the immediately preceding exception of (a–2), it used the flat-out phrase "This chapter shall not apply if . . . ." Moreover, the usual and primary meaning of "exempt" is "to free from an obligation, a duty, or a liability to which others are subject." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 641 (3d ed. 1992). The more natural reading of such an "exemption" would relieve the employer of the obligation to carry DCWCA insurance as otherwise required by § 1534 and other affirmative obligations imposed by the DCWCA and relieve the employee of any obligation to accept benefits under the DCWCA, as opposed to the WCA of the other jurisdiction.

The coverage language of § 1503(a) does not say that the DCWCA does not apply at all if one of the cited exceptions apply. Rather, it says "except as provided," meaning that the exceptions may operate only partially. Intrinsic in the language of exception (a–3) is the purpose to ensure that even an employee temporarily or intermittently in the District will be covered by the workers' compensation insurance somewhere.[7]

5. No claim is made that the "casual employee" provision of § 1503(a–2) is relevant here.

6. See § 1503(a–1).

7. This is not to say that the insurance of the other jurisdiction must necessarily provide workers' compensation in a particular factual situation. *See Adjei v. D.C. Dep't of Employment Servs.*, 817 A.2d 179 (D.C.2003). In that case, we addressed a situation where the employee was covered by the Maryland WCA pursuant to (a–3) but where Maryland had denied payment of benefits under such cover-

Turning again, then, to the language of § 1504(b), the question arises whether, in a situation to which the exception (a–3) applies, it can be said that the existence of workers' compensation insurance under another jurisdiction falls within the phrase "compensation to which an employee is entitled under this chapter." Since the structure of the interrelationship between § 1503(a) and the exception of (a–3) is to ensure an entitlement to compensation under some WCA when the injury occurs in the District, it is not unreasonable to consider the workers compensation insurance coverage required by (a–3) to constitute compensation to which the employee is entitled "under this chapter."

It might be argued that under such an interpretation of § 1504(b), the language of the final sentence of exception (a–3) is superfluous and unnecessary. But it is understandable that in a provision authorizing workers' compensation insurance in another jurisdiction for a District injury, the legislature would make unmistakably clear that that substitute insurance would protect the employer responsible for obtaining the insurance. In the same manner, the DCWCA reiterates in § 1535(I) the freedom of a fellow employee from liability which is also provided for in § 1504(b).[8]

It is understandable that the District should, in general, have a uniform policy applicable to the third-party consequences of an accident occurring in the District to which the principles of workers compensation apply. We essentially so held in *Dominion Caisson Corp. v. Clark*, 614 A.2d 529 (D.C.1992). In that case, a workplace accident occurred in the District, with benefits paid under the Virginia WCA. Under Virginia law, a subcontractor of the employer was immune from suit, while District law was (and is) to the contrary. The subcontractor was, understandably, sued in the District. Applying a choice of law analysis, we concluded that the District was "the jurisdiction with the most significant relationship to the dispute." 614 A.2d at 531. This was so although the employee was a resident of Virginia, the employer and the sued subcontractor were Virginia corporations, and the contract of employment had been entered into in Virginia. While in *Dominion* the issue was whether a provision of foreign law would override District common law providing greater liability and in the case before us the issue is application of a statutory policy limiting liability, we think the underlying consideration that District law and policy should prevail on the question of third-party liability *vel non* is a potent factor here.

Accordingly, the trial court's grant of summary judgment in favor of appellee Grimes is

*Affirmed.*

---

age on a determination that the injury was not "accidental" within the meaning of the Maryland WCA. We concluded that the (a–3) exemption and the exclusivity of the remedy against the employer applied even though the employee did not in fact receive any benefits under the Maryland WCA. While we used some broad language that the final sentence of (a–3) was an extension of the statutory bar in § 1504, we had no occasion there to consider the issue posed here as to the effect of (a–3) on the liability of third parties other than the employer.

**8.** Another way, perhaps, of articulating the same general principle would be to conclude that the use of the single word "employer" in the final sentence of (a–3) was simply a shorthand way of incorporating the broad application of that concept found in § 1504(b).